CITY OF MADISON, Plaintiff-Respondent,

v.

Patrick S. DONOHOO, Defendant-Appellant-Petitioner.

Supreme Court

*No. 83–242. Argued April 24, 1984.—Decided May 30, 1984.*

(Also reported in 348 N.W.2d 170.)

For the defendant-appellant-petitioner there were briefs (in court of appeals) by *Ralph A. Kalal* and *Kalal & Habermehl,* Madison, and oral argument by *Ralph A. Kalal.*

For the plaintiff-respondent the cause was argued by *James L. Martin,* assistant city attorney, with whom on the brief was *Henry A. Gempeler,* city attorney.

SHIRLEY S. ABRAHAMSON, J. This is a review of an unpublished decision of the court of appeals filed August 26, 1983, affirming a judgment of the circuit

court for Dane county, Michael B. Torphy, Circuit Judge, convicting Patrick S. Donohoo of operating a motor vehicle while under the influence of an intoxicant contrary to an ordinance of the city of Madison. The circuit court concluded that the defendant's demand for a jury trial was not timely under sec. 345.43(1), Stats. 1981–82. The case was tried to the circuit court judge; the defendant was convicted, and the court of appeals affirmed the judgment. We conclude that the jury demand was filed timely and therefore reverse the decision of the court of appeals and the judgment of the circuit court. We remand the cause for a jury trial.

The facts are not disputed and were set forth at a hearing before the circuit court at which the defendant and the court commissioner testified.

On August 29, 1982, the defendant was issued a uniform traffic citation alleging a violation of the Madison General Ordinance prohibiting the operation of a motor vehicle while under the influence of an intoxicant. The citation required the defendant to appear in Dane county circuit court at 9 a.m. on September 2, 1982, for an initial appearance before a court commissioner. Sec. 757.69 (1)(c), Stats. 1981–82.

The defendant arrived at the courtroom at approximately 8:30 a.m. on September 2, 1982, and at approximately 9:00 a.m. was handed a "Traffic Court Information Sheet," a one-page document that purports to inform persons of their legal rights. It states, among other things, that a defendant is expected to plead that day and that a defendant who wants a jury trial must request one in writing within 10 days of entering his or her plea.[1] The court commissioner explained the pro-

---

[1] The Dane County Traffic Court Information Sheet [Forms 880–150 (12/177)] stated *inter alia:*

"Inasmuch as this is probably your first appearance in Traffic Court, and since most people are concerned and upset about ap-

cedure to be followed that morning in an opening state-
ment that advised all persons present, including the de-
fendant, that each defendant would have to enter a plea
that day or the court would enter a plea for the defend-
ant and that if a defendant wanted a jury trial he or
she would have to request one in writing within 10 days
of that date, that is, within 10 days from September 2,
1982.[2]

pearing before the Judge, it is advisable to acquaint you with
the Courtroom procedure to be followed today.

"This is the Traffic Court session of our Court. Whether or
not this is your first appearance in Court, and whether or not
you are represented by an attorney, it is necessary and important
that you be fully informed as to your legal rights now rather
than to wait until your case is called. When your case is called,
you must come forward promptly to a position in front of the
bench. The Court will advise you of the nature of the charge
and the points involved. If you do not understand this, ask the
Court to explain it again. It will be necessary for you to answer
the charge by making a formal plea of GUILTY, NOT GUILTY
or NO CONTEST. If you plead GUILTY, it is the same as
saying that all the circumstances and conditions which appear on
the traffic ticket are correct. The Court, thereupon, will review
the officer's report to determine the degree of seriousness of
the violation and the degree of danger of the conditions sur-
rounding the violation. You may be given an opportunity to in-
form the Court about the circumstances, if any, surrounding
the charge. After that, and upon your past driving record, the
Court will impose a penalty in accordance with the law.
". . .

"A plea of NO CONTEST will be treated by the Court the
same as a plea of GUILTY. By pleading no contest, you will be
admitting the traffic violation but will not be admitting your
civil liability, if any, arising out of it such as might be the case
where the violation caused a traffic accident.

"If you plead NOT GUILTY, your case will be set for trial
at a later date. The Court may set bail to assure your return
for trial. If so, you will go with the bailiff to the clerk's office
to post the bail.

"At the time of trial, you have certain rights as a Defendant
which you may exercise. You have the right to hire a lawyer to

The time shown on the defendant's citation proved to be incorrect because his case was scheduled to be called at 1:30 p.m. instead of 9 a.m. Shortly after 10:30 a.m., during a recess, the defendant and the court com-

represent you. You, therefore, should obtain a lawyer as soon as possible so that he may acquaint himself with your defense and present it properly. You have the right to call witnesses on your behalf and, if necessary, to subpoena those witnesses. *Within ten days after the entering of your plea, you have the right to make a written demand for a jury trial and pay the jury fees and costs. The jury fee will be returned if: you are found not guilty, the case is dismissed prior to trial, or you change your plea to guilty more than 24 hours before the jury reports.* During the trial you have the right to testify on your own behalf. After the verdict is rendered, and the Judgment entered, you have the right to appeal the decision to the Circuit Court within six months. . . ."

[2] The court commissioner's opening statement was:

"Good morning. Your appearance here today is for the initial appearance and arraignment, not for court. If you want to set the matter for trial, enter the plea of not guilty, or the court will do it before you leave. One important thing you should be aware of, if you do have the matter set for trial, have all the matters you are here on today, civil matters or parking ordinance violations, whatever, being set for trial before the court. You do have the right to have a jury trial. However, under Wisconsin law, if you want a jury trial, instead of a trial before the court you must make the specific written request for the jury trial and post the jury fees for the six person, or twelve person jury fees. That must be done within ten days of today's date. If you fail to post it within the ten-day time period, under Wisconsin law, you have given up your right to a jury trial in any one of our Circuit Courts of the judges in Dane County.

"If you want to take care of the matter today simply enter a plea of no contest. The ticket you received, in the upper right hand corner, has a dollar fine on it which is a standard fine for the violation you're here on. That dollar fee is preestablished by the court of judges so the fine is uniform for the given violation.

"If you're entering a plea of no contest today, I'll reduce the fine from the figure that's on the ticket to that what I feel is at least as low if not lower that's imposed if you're convicted at any stage of the proceedings."

missioner spoke in a hallway outside the courtroom. The defendant told the court commissioner that he could not remain until 1:30 p.m. and that he wanted more time so that he could contact a lawyer. The court commissioner discussed with the defendant such alternatives as calling the case then, setting a new court date, and entering a plea, which would give the defendant time to contact an attorney.

After the recess, the defendant's case was called. The court commissioner did not ask if the defendant wanted to plead, and the defendant testified that he did not enter a plea. The record shows the defendant pled not guilty. The court commissioner testified that he told the defendant he would enter a plea for him and set another court date to give him time to contact an attorney. The court commissioner apparently entered a not guilty plea for the defendant.

The defendant retained counsel and, on September 15, 1982, more than 10 days after the September 2 proceedings, filed a written demand for a 12-person jury trial, along with the required fee. After a pretrial hearing on October 20, 1982, the circuit court ruled that the demand for a jury trial was untimely. On December 3, 1982, the defendant filed a Motion to Confirm Right to Jury Trial. The circuit court ruled that the time for demanding a jury trial had commenced on September 2, 1982, when the defendant appeared before the court commissioner, that the jury demand was untimely, and that the defendant had waived his right to a jury trial.

The defendant contends that the 10-day time limit to demand a jury trial did not begin to run on September 2, 1982, because the defendant had exercised his right not to plead at that time and that the court commissioner had no authority to enter a plea for the defendant.

This case involves the interplay of five statutory provisions, sec. 345.40, sec. 345.34(1), sec. 345.35, sec.

345.36, and sec. 345.43(1), which set forth the procedures for entering a plea in a traffic case and demanding a jury trial. Statutory interpretation is a question of law. This court need not defer to the determination of either the court of appeals or the circuit court since neither is in a better position to interpret the statute than is this court.

Sec. 345.40 describes the pleadings of the plaintiff and defendant. The citation is the plaintiff's initial pleading; the defendant's pleas are guilty, no contest, and not guilty.

"A citation which complies with s. 345.11 . . . may be used as the initial pleading [of the plaintiff]. The defendant's plea shall be guilty, no contest or not guilty and shall be entered as not guilty upon failure to plead. A plea of not guilty shall put all matters in such case at issue."

Sec. 345.34(1) describes the defendant's initial appearance in response to a citation. The statute requires the defendant to be informed that he or she has a right to a jury trial and to be asked whether he or she wishes to plead or wishes a continuance:

"(1) If the defendant appears in response to a citation . . . he shall be informed that he is entitled to a jury trial and then asked whether he wishes presently to plead, or whether he wishes a continuance. If he wishes to plead, he may plead guilty, not guilty or no contest."

Secs. 345.35 and 345.36 describe the procedure to be followed if the defendant pleads not guilty. The court ascertains whether the defendant wants an immediate trial or a continuance; if the defendant requests a continuance the court sets trial at a later date. Secs. 345.35 (1) and (2) provide:

"(1) If the defendant pleads not guilty, the court shall ascertain whether he wishes an immediate trial or

whether he wishes a continuance. The plaintiff shall also be entitled to a continuance if the defendant pleads not guilty.

"(2) If the defendant pleads not guilty and states that he waives the right to jury trial and that he wishes an immediate trial, the case may be tried forthwith if the plaintiff consents."

Sec. 345.36 provides, *inter alia:*

"If the defendant pleads not guilty and requests a continuance the court shall set a date for trial or advise the defendant that he will later be notified of the date set for trial. . . ."

Sec. 345.43(1) provides the manner and time for demanding a jury trial. A written demand must be filed within 10 days after the defendant enters a plea of not guilty:

"(1) . . . if in circuit court either party files a written demand for a jury trial within 10 days after the defendant enters a plea of not guilty under s. 345.34 and immediately pays the fee prescribed in s. 814.61(4), the court shall place the case on the jury calendar of the circuit court. The number of jurors shall be determined under s. 756.096(3)(b). If no party demands a trial by a jury of 12, the right to trial by a jury of 12 is waived forever."

These statutes clearly set out a specific procedure for pleadings, initial appearance, entering a plea, trial, and demand for a jury trial. At the initial appearance the court informs the defendant that the defendant has a right to a jury trial. Sec. 345.34(1). Only after the defendant is so informed does the court inquire whether the defendant "wishes presently to plead" or "wishes a continuance." Sec. 345.34(1). A defendant who wishes to plead may plead guilty, not guilty, or no contest. Sec. 345.34(1). If the defendant requests a continuance the court must grant it. Sec. 345.34(1). This provision for a continuance is clearly designed to give the defendant a

chance at "more time" before he is called upon to plead so that the defendant may obtain legal counsel or otherwise prepare for the arraignment without prejudice to the right to demand a jury trial. The time for demanding a jury trial runs not from the date of the initial appearance but from the date "the defendant enters a plea of not guilty under s. 345.34." Sec. 345.43(1).

The city's interpretation of the statutes strains and contradicts the plain language of the statute. The city interprets the statutes as requiring the court to inform the defendant of his or her right to a jury trial and then to ask the defendant to plead; if the defendant requests a continuance, the court enters a "not guilty" plea and sets a trial date. Once a plea has been entered, the 10-day period for jury demand begins to run. In essence, the city would have the 10-day period run from the initial appearance by reading the language "within 10 days after the defendant enters a plea of not guilty" in sec. 345.43(1) as "within 10 days after the initial appearance." The city asserts that this construction prevents defendants from delaying the proceedings by refusing to plead.

The legislative decision that the circuit court (or court commissioner) must grant the defendant one continuance before requiring the defendant to plead may cause delay. But the legislature has balanced the public's interest in speedy trials and in safeguarding a defendant's right to counsel and to a jury trial and has said that at the initial appearance the defendant is entitled as a matter of right to one continuance before entering a plea and that the defendant must be informed of that right by the court. Any other continuance is, of course, not required; it is at the discretion of the court.

In this case, the traffic court information document and the court commissioner's opening statement erroneously advised the defendant that he must plead at the

initial appearance. The defendant nevertheless sought exactly what the statutes afford him: a continuance. The Dane county court commissioner refused to grant one. No court or commissioner should, for the sake of expediency, fail to give a party a right guaranteed by statute. "In a democracy, the purpose of the courts should be to insure that government, as well as the citizen, live under the law." *Milwaukee v. Firemen Relief Asso.*, 42 Wis. 2d 23, 40, 165 N.W.2d 384 (1969). Public confidence in the judicial system of the state depends on courts' complying with the law in all proceedings, including proceedings in traffic court, a busy court where citizens most often encounter the institutions of law enforcement. *State v. Hanson,* 85 Wis. 2d 233, 270 N.W.2d 212 (1978).

For the reasons set forth, we reverse the decision of the court of appeals and the judgment of the circuit court. The cause is remanded to the circuit court with directions to grant the defendant a jury trial as demanded in his written request.

*By the Court.*—Decision of the court of appeals reversed; judgment of the circuit court reversed; cause remanded to the circuit court.