LUTHER HOSPITAL, a Wisconsin corporation, and Eldon F. Hill, M.D., S.C., a Wisconsin corporation, Plaintiffs-Appellants,

v.

CHIPPEWA COUNTY, Wisconsin, a municipal corporation, Defendant-Respondent.

Court of Appeals

*No. 84–919. Submitted on briefs January 14, 1985.—Decided February 19, 1985.*
(Also reported in 365 N.W.2d 627.)

For the appellants the cause was submitted on the brief of *John D. Kaiser* and *Kaiser & Strebe, Ltd.*, of Eau Claire.

For the respondent the cause was submitted on the brief of *David H. Raihle* of Chippewa Falls.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J.   Luther Hospital and Eldon F. Hill appeal an order dismissing their action to recover for emergency medical services provided in Eau Claire County to a person who allegedly qualified for public assistance. The appellants sought recovery from Chippewa County, which is the county where the medical services beneficiary had her legal settlement. *See* sec. 49.10, Stats., which defines the rules for determining legal settlement. The trial court dismissed the action on the basis that the hospital can only recover directly from the county where the services were furnished. We affirm the order of dismissal because recovery for medical services provided to the indigent must be from the municipality or county where the services were furnished.

Section 49.02 (5), Stats., provides that "the municipality or county shall be liable" for emergency medical services provided to the indigent. The statute does not

specify, however, which municipality or county is liable for such services. The hospital argues that the statute permits a direct action for recovery against the municipality or county where the services were furnished, or a direct action against the municipality or county where the beneficiary has his legal settlement. The county, on the other hand, argues that the statute only permits an action against the county or municipality where the services were furnished. Resolution of this dispute requires an interpretation of sec. 49.02(5), which is a question of law that we review without deference to the trial court. *City of Madison v. Donohoo,* 118 Wis. 2d 646, 650–51, 348 N.W.2d 170, 173 (1984).

We conclude that only the county or municipality where emergency medical services were furnished is directly liable to the provider. The municipality is directly liable unless the county has assumed the responsibility for providing all public assistance, pursuant to sec. 49.03 (1)(a), Stats. Here, Eau Claire County has adopted a county welfare system and is therefore directly liable to the provider.

Our construction of sec. 49.02(5) is consistent with our supreme court's interpretation of sec. 49.03, Stats. (1937), which is a predecessor statute. In *Town of Holland v. Village of Cedar Grove,* 230 Wis. 177, 183, 282 N.W. 111, 115 (1939), the supreme court stated that relief is to be furnished by the municipality where the transient poor person is found in need of it. Relief is to be paid initially from the municipal treasury and it may be charged back against the county. *Id.*

Our construction of sec. 49.02(5) is also consistent with sec. 49.11(2)(a)1, Stats., which states that relief provided to a recipient whose settlement is outside the county shall be a charge against the county where the

relief was furnished. The statute further provides that the county shall pay the municipality that provided the relief within sixty days of the receipt of a voucher or claim. Section 49.11(2)(a)2, Stats., authorizes a municipality to commence an administrative action against the county where services were furnished if the county fails to pay the claim within 60 days. We construe these statutes to mean that the provider must collect directly from the municipality where the services were furnished; if the county has assumed the welfare responsibilities of its municipalities pursuant to sec. 49.03(1)(a), then the provider must collect directly from the county.

Section 49.11, Stats., makes clear that only the county where services were furnished may recover directly from the county where a recipient has his legal settlement. Section 49.11(2)(a)1 specifically states that the county where relief was furnished may recover from the county of settlement. Recovery must be sought in an administrative proceeding. *See* Sec. 49.11(7), Stats. In *Holland,* 230 Wis. at 184, 282 N.W. at 115, the supreme court construed the predecessor to sec. 49.11 to mean that only the county where relief was furnished may maintain such an administrative action against the municipality of settlement. We are persuaded that the reasoning of the *Holland* decision is applicable to this case.

Finally, the doctrine of *expressio unius est exclusio alterius* compels our conclusion that the provider cannot recover directly from the county of settlement. Section 49.11(2) provides a comprehensive procedure for allocating ultimate relief costs among municipalities and counties; the failure to specifically authorize an action by a provider against a county of settlement is evidence of the legislature's intent not to allow such suits. *See Groh v. Groh,* 110 Wis. 2d 117, 125, 327 N.W.2d 655, 659 (1983).

*By the Court.*—Order affirmed. Costs denied to both parties.[1]

---

[1] Because both parties extensively cited nonpublished opinions in their briefs, we deny costs to both parties. *See* § 809.83(2), Stats.