STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

John Mann ANDERSON, Defendant-Appellant.

Supreme Court

*No. 86–0612–CR. Argued September 9, 1987.—Decided December 10, 1987.*

(Also reported in 416 N.W.2d 276.)

For the plaintiff-respondent-petitioner the cause was argued by *John J. Glinski,* assistant attorney general, with whom on the briefs was *Donald J. Hanaway,* attorney general.

For the defendant-appellant there was a brief and oral argument by *William J. Tyroler,* assistant state public defender.

WILLIAM A. BABLITCH, J.   The State of Wisconsin (State) seeks review of a court of appeals' decision ordering a new trial for the defendant, John Mann Anderson (Anderson).

Anderson was convicted on several counts relating to his possession of a short-barreled shotgun. At trial, Anderson contended that his possession of the gun was privileged. In support of this defense, he sought to introduce two out-of-court statements made by his brother Luther. The statements exculpated Anderson and subjected Luther to criminal liability.

The trial court excluded the statements primarily on the grounds that they lacked sufficient corroboration. The court of appeals reversed, finding sufficient

corroboration. We hold that the standard of corroboration required by sec. 908.045(4), Stats., is corroboration sufficient to permit a reasonable person to conclude, in light of all the facts and circumstances, that the statement could be true. The record discloses such facts. Accordingly, we affirm.

Anderson was found guilty by a jury and convicted of possession of a short-barreled shotgun, sec. 941.28, Stats., possession of a firearm by a felon, sec. 941.29(2), and obstruction of justice, sec. 946.41(1). The conviction arises from an incident occurring on the evening of March 9, 1987, when Anderson and his brother, Luther Anderson (Luther) were at a bar. Anderson, who was the only defense witness at trial, testified to the following sequence of events.

Luther was in the basement of the bar gambling while Anderson was upstairs drinking. A gambling dispute subsequently erupted between Luther and another man whom Luther believed had cheated him of three dollars. Luther pulled a short-barreled shotgun from his briefcase and pointed the gun at the man. Anderson came downstairs, grabbed the gun from Luther, and told the man to run. Luther and Anderson then left the bar, with Anderson carrying Luther's briefcase containing the gun. Anderson refused to give the briefcase to Luther in light of Luther's earlier intentions to use the gun. While walking away, the police spotted Anderson carrying the briefcase, and saw him set the briefcase down. The police seized the briefcase and arrested them both.

Anderson and Luther were arrested two blocks from the bar. When questioned by the police, both brothers denied knowing each other and gave false names. Luther's name, however, was on the brief case and on personal papers inside the case. There was no

police investigation of the events at the bar. Anderson was charged with three counts: possession of a short-barreled shotgun, possession of a firearm by a felon and obstructing an officer. Luther was not charged and was released from custody.

At trial, Anderson based his defense on the theory that his possession of the gun was privileged because it was necessary for the protection of a third person. In support of this defense, Anderson attempted to introduce statements made by Luther to their mother a day after the incident and to Anderson's attorney several days later, stating that Anderson had intervened during the gambling dispute and took the gun from Luther to prevent Luther from shooting someone. The court held that Luther's extrajudicial statements were hearsay and were inadmissible as statements against penal interest primarily because the statements lacked corroboration.

The jury found Anderson guilty of all charges. Anderson appealed his conviction on the first two counts, arguing that the statements were admissible under sec. 908.045(4), Stats., which states:

> **"908.045 Hearsay exceptions; declarant unavailable.** The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
> "...
> "(4) Statement against interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability or to render invalid a claim by the declarant against another or to make the declarant an object of hatred, ridicule, or disgrace, that a reasonable person in the declarant's position

would not have made the statement unless the person believed it to be true. *A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborated."* (Emphasis added.)

The court of appeals reversed the trial court judgment and ordered a new trial. The court of appeals found that the trial court had erroneously excluded the statement against interest and that such error was not harmless. The State filed a petition for review, challenging the court of appeals' interpretation of the corroboration requirement, which was granted on April 7, 1987.

■ Section 908.045(4), Stats., provides, in part, that a "statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborated." The central issue before us is the extent of corroboration required by the statute. Because this issue presents a question of statutory construction, a question of law, the court may decide the matter independently and without deference to the determinations of the trial court and court of appeals. *City of Madison v. Donohoo,* 118 Wis. 2d 646, 651, 348 N.W.2d 170 (1984).

The various standards for admitting statements against penal interest, offered to exculpate an accused, fall along a spectrum of admissibility. At one end of the spectrum, all statements against penal interest are admissible with no corroboration whatsoever. Such a permissive approach to admissibility is founded on the notion that the nature of any statement that is against penal interest *per se* provides sufficient assurance of trustworthiness for admissibility purposes. Note, *Declarations Against Penal Inter-*

658

*est: Standards of Admissibility Under An Emerging Majority Rule,* 56 B. U. L. Rev. 148, 176–77 (1976).

By contrast, the restrictive end of the spectrum limits admissibility to those statements which the defendant can show, through corroboration, to be true. *See State v. Larsen,* 91 Idaho 42, 49, 415 P.2d 685 (1966) (where prior to the adoption of federal rule 804(b)(3), Idaho required evidence that "clearly indicated" that the declarant was guilty of the crime for which the accused was on trial). Jurisdictions such as Idaho, which have used this stringent corroboration standard for admissibility, have done so based on a belief that statements against penal interest are inherently untrustworthy and should only be admissible when all doubt of their falsity has been removed. Note, *Declarations Against Penal Interest: What Must Be Corroborated Under The Newly Enacted Federal Rule Of Evidence, Rule 804(b)(3)?,* 9 Val. U. L. Rev. 421, 438 (1975).

In the present case, the State asserts that the corroboration standard of sec. 908.045(4), Stats., should be interpreted consistent with the federal standard of "corroboration *clearly* indicating the trustworthiness of the statement." (Emphasis added.) Fed. R. Evid. 804(b)(3).[1] We disagree.

---

[1]Fed. R. Evid. 804(b)(3):

    "(b)  Hearsay exceptions.—

    "The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

    "...

    "(3)  Statement against interest.—

    "A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he

The stringency of the federal corroboration standard places it close to the restrictive end of the admissibility spectrum. *See United States v. Barrett,* 539 F.2d 244, 253 (1st Cir. 1976) (where the court, applying federal rule 804(b)(3), required corroboration which "solidly" indicated the trustworthiness of the statement); *United States v. Satterfield,* 572 F.2d 687, 693 (9th Cir. 1978) *cert. denied,* 439 U.S. 840 (1978) ("corroborating circumstances must do more than tend to indicate the trustworthiness of the statement; they must *clearly* indicate it")(emphasis in original); Note, 56 B. U. L. Rev. at 173 (referring to the federal rule as establishing "[o]ne of the strictest corroboration requirements").

Wisconsin's corroboration standard is, by comparison, less stringent. From the language and history of sec. 908.045(4), Stats., and taking into consideration the general policies regarding the hearsay exceptions, a defendant's constitutional right to present a defense, and the respective roles of judge and jury in determining admissibility and assessing credibility, we conclude that the standard of corroboration is corroboration sufficient *to* permit a reasonable person to conclude, in light of all the facts and circumstances, that the statement could be true.

The language and history of sec. 908.045(4), Stats., suggest that Wisconsin has taken a less restrictive approach to admissibility than the federal standard. The statute provides, in part, that a statement against

believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible *unless corroborating circumstances clearly indicate the trustworthiness of the statement."* (Emphasis added.)

penal interest offered to exculpate an accused is not admissible "unless corroborated." This language is facially different from the federal rule which imposes the requirement of corroborating circumstances which *"clearly* indicate the trustworthiness of the statement." (Emphasis added.) Fed. R. Evid. 804(b)(3). Nothing in the language of sec. 908.045(4) suggests the federal standard of "clearly" indicating trustworthiness.

Additionally, it is notable that Wisconsin never adopted the language or approach of the present federal corroboration standard for statements against penal interest. The limited history of sec. 908.045(4), Stats., indicates that the State Judicial Council modeled the Wisconsin rule after the language of a United States Supreme Court draft of federal rule 804(b)(3) which used the language, "unless corroborated." Minutes of Wisconsin Judicial Council Meeting, March 17, 1973, and April 27, 1973; *see also House Comm. on the Judiciary, Report on the Federal Rules of Evidence,* H.R. Rep. No. 650, 93rd Cong., 1st Sess. (1973), *reprinted in,* 1974 U.S. Code Cong. & Ad. News 7075, 7089. This draft was referred to as requiring only "simple corroboration" of the statement's trustworthiness. *Id.* However, the House Judiciary Committee believed that statements against penal interest exculpating an accused were especially suspect and required "some further provision ensuring trustworthiness." *Id.* The House Committee concluded that the proposed simple corroboration standard would not accomplish this purpose and subsequently modified the draft rule by increasing the corroboration requirement to include the present language of federal rule 804(b)(3). *Id.* In the interim, Wisconsin adopted sec. 908.045(4) in June of 1973. Wisconsin Rules of Evi-

dence 59 Wis. 2d R2. Federal consideration of the more stringent standard occurred later in 1973, with the eventual enactment of rule 804(b)(3) occurring in 1974. *See generally* Tague, *Perils of the Rulemaking Process: The Development, Application, and Unconstitutionality of Rule 804(b)(3)'s Penal Interest Exception,* 69 Geo. L. Rev. 851, 889–92 (1981). Notwithstanding this change in the language of the federal standard, Wisconsin has not followed the federal initiative by increasing the corroboration requirement of sec. 908.045(4).

■ The standard we enunciate today of corroboration sufficient to permit a reasonable person to conclude, in light of all the facts and circumstances, that the statement could be true, is consistent with the general policies of the hearsay exceptions. The hearsay exceptions represent a balance between the need for evidence to ascertain truth and the exclusion of untrustworthy evidence. Note, 9 Val. U. L. Rev. at 429; *Chambers v. Mississippi,* 410 U.S. 284, 298–99 (1973); 5 Wigmore, Evidence secs. 1422, 1477 (Chadbourn rev. 1974); Note, *Evidence: Admission of Third Party's Declaration Against Penal Interest,* 48 Marq. L. Rev. 249, 252–53 (1964); *Dillenberg v. Carroll,* 259 Wis. 417, 422, 49 N.W.2d 444 (1951).

The critical need for hearsay evidence, in particular statements against penal interest, is especially apparent in criminal trials where the exclusion of a statement exculpating an accused could result in an erroneous conviction. *See generally* 5 Wigmore, *Evidence* sec. 1477 (noting that a rule which excludes statements against penal interest exculpating an accused is, in the context of a criminal trial, "shocking to the senses of justice"); *Donnelly v. United States,*

228 U.S. 243, 277–78 (1913) (Holmes, J., dissenting). In *Chambers v. Mississippi*, the United States Supreme Court recognized the necessity of admitting such statements in a criminal trial. *Chambers v. Mississippi*, 410 U.S. at 302. The Court struck down a Mississippi law which prevented the defendant from introducing exculpatory statements against penal interest. The Court noted that the testimony was critical to the defense and stated that "[f]ew rights are more fundamental than that of an accused to present witnesses in his own defense." *Id.* Similarly, this court has historically recognized the evidentiary need for declarations against interest. *Truelsch v. Miller*, 186 Wis. 239, 248, 202 N.W. 352 (1925), cited in the Judicial Council Committee's Notes to sec. 908.045(4), Stats., 59 Wis. 2d R318 (where the court, when considering a precursor to the exceptions of sec. 908.045(4), noted that statements against interest are "sometimes the only mode of proof available ..."); *Dillenberg v. Carroll*, 259 Wis. at 422, cited in the Judicial Council Committee's Notes to sec. 908.045(4), 59 Wis. 2d R318 (where the court cites with approval the statement that, "'[t]he theory under which declarations against interest are received in evidence notwithstanding they are hearsay is that the necessity of the occasion renders the reception of such evidence advisable. ...'").

We recognize that this need for evidence is tempered by a countervailing concern for the exclusion of untrustworthy statements. Note, 9 Val. U. L. Rev. at 429. A specific concern associated with statements against penal interest, offered to exculpate an accused, is that the accused or the declarant, or both, may have a motive to fabricate the statement. *See* Fed. R. Evid. 804(b)(3) advisory committee's note; C. McCormick, *Law of Evidence* sec. 278 (2d. ed. 1972); 5

Wigmore, *Evidence* secs. 1476, 1477. Thus, to circumvent this risk, federal law and most state laws have imposed some corroboration requirement in addition to the requirement that the statement tends to subject the declarant to criminal liability. *See generally* 4 J. Weinstein & M. Berger, *Weinstein's Evidence: Commentary on Rules of Evidence for the United States Courts and Magistrates* (hereinafter referred to as Weinstein), 804(b)(3) [03] at 804–157 (1987); 5 Wigmore, *Evidence* sec. 1476 at 354 n. 9 (Supp. 1987).

The enunciated standard achieves a proper balance between these competing policy concerns. It acknowledges the sometimes critical need for the hearsay statement by not subjecting the defendant to an insurmountable evidentiary hurdle for admissibility. Note, 9 Val. U. L. Rev. at 440; Note, 56 B. U. L. Rev. at 174 (proposing that courts applying the federal rule should adopt a flexible approach toward admissibility so that the corroboration requirement does not arbitrarily exclude valuable evidence). It reduces the risk of fabrication by requiring that the statement itself permits a reasonable person to conclude in light of all the facts and circumstances that the statement could be true. We note also that other safeguards exist for circumventing fabrication. For example, the judge may exclude the hearsay statement if the judge finds that its probative value is outweighed by its tendency to mislead to jury. Section 904.03, Stats.

Moreover, this standard preserves an accused's constitutional right to present evidence, a right established under *Chambers v. Mississippi.* In *Chambers,* the Supreme Court held that due process required the admission of hearsay testimony, excluded by the trial court under state hearsay statutes, because the testimony possessed persuasive assurances of trustworth-

iness and was essential to the defense. *Chambers*, 410 U.S. at 302. The Court enunciated a series of factors which would constitutionally compel the admission of hearsay testimony, one of which is the existence of evidence corroborating the statement. *Id.* at 300–01. While the precise contours of this corroboration standard are unclear, the Court impliedly approved the draft of the federal rule requiring simple corroboration. *Id.* at 299 n. 18 (where the Court states that "exclusion [of statements against penal interest] would not be required under the newly proposed Federal Rules of Evidence [Supreme Court draft Rule 804]"). (Footnote omitted.)

Because Wisconsin's corroboration standard is modeled after the United States Supreme Court draft rule and our interpretation of the standard facilitates rather than restricts the defendant's ability to present evidence, it is constitutionally consistent with *Chambers*. Arguably, our standard may be more consistent with the defendant's constitutional right to present evidence than is the more stringent federal standard. One commentator has argued that the latter is constitutionally suspect because it appears to impose a greater evidentiary burden on the defendant than is permissible under *Chambers*. Tague, 69 Geo. L. Rev. at 1006.

Finally, the enunciated standard maintains the jury's role of assessing credibility and determining weight while properly limiting the judge's role to a threshold admissibility determination of whether a reasonable person could conclude, in light of all the facts and circumstances, that the statement could be true. The question before the judge is not whether the judge personally believes the statement is true, but

rather whether there is sufficient corroboration for a reasonable person to conclude that it could be true. Wisconsin law recognizes that it is the jury's function to assess the credibility of witnesses and to weigh the evidence. *Bode v. Buchman,* 68 Wis. 2d 276, 289, 228 N.W.2d 718 (1975); *State v. Brown,* 96 Wis. 2d 238, 245–47, 291 N.W.2d 528 (1980). By not requiring evidence which "clearly" indicates trustworthiness, our standard does not thrust the judge into the jury's role of assessing credibility and weighing evidence. Thus, it preserves the respective roles of the judge and jury. Note, 56 B. U. L. Rev. at 154; *cf. United States v. MacDonald,* 688 F.2d 224, 233 (4th Cir. 1982), *cert. denied,* 459 U.S. 1103 (1983)(where the court noted that the judge shares the jury's responsibility of weighing the evidence when he or she makes an admissibility determination under rule 804(b)(3) because of the high risk of fabrication). In contrast, the more restrictive corroboration standard of the federal rule has been criticized for stripping the jury of this customary function. Tague, 69 Geo. L. Rev. at 1000; Weinstein, 804(b)(3) [03] at 804–146.

Therefore, given that a less restrictive corroboration standard is indicated by the language and history of sec. 908.045(4), Stats., advances the purposes of preventing fabrication without unduly hampering the admission of the hearsay statement, is constitutionally consistent with *Chambers,* and does not usurp the jury's role of judging credibility, we conclude that sec. 908.045(4) should not be interpreted consistent with the federal rule. To the extent that *Ryan v. State,* 95 Wis. 2d 83, 96, 289 N.W.2d 349 (Wis. Ct. App. 1979), adopted the federal corroboration standard when determining the admissibility of statements against

penal interest, it is overruled. In overruling the court of appeals' adoption of the federal corroboration standard, we note that our ruling in this case shall have prospective effect only, except that this ruling shall apply to this case and to other cases which have not been finalized on the date of the release of this opinion. For a case to be finalized, there must be a judgment of conviction, sentence, and exhaustion of rights of appeal. *La Claw v. State,* 41 Wis. 2d 177, 187, 163 N.W.2d 147, 165 N.W.2d 152 (1968).

We note that our standard is consistent with the approaches of other courts and commentators who have not followed the language of the federal rule. *See People v. Settles,* 46 N.Y.2d 154, 169–70 (1978) (requiring "supportive" evidence sufficient to establish a "reasonable possibility that the statement might be true"); *United States v. Goodlow,* 500 F.2d 954, 958 (8th Cir. 1974) (where the court did not apply the higher corroboration requirement of the federal rule but instead required, "corroborative circumstances giving an aura of trustworthiness to the statements"); *see also* 5 Wigmore, *Evidence* sec. 1422 (who speaks of a "probability of trustworthiness" as an adequate guarantee for hearsay generally); Weinstein 804(b)(3) [03] at 804–141 (who proposes a standard which requires, in part, corroboration indicating that the statement "could be true"); Note, 56 B. U. L. Rev. at 175–76 ("[b]ecause the defendant need only create a reasonable doubt in the minds of the jurors to justify acquittal, a declaration should be admitted whenever there is a reasonable possibility that the declarant committed the crime."). (Footnote omitted.)

■
We now consider the application of the standard to the undisputed facts presented on review. The

application of a statute to undisputed facts is a question of law. Thus, this court owes no deference to the decision of the lower courts when deciding such matters. *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984).

Reviewing the relevant undisputed facts of the record we find that there were more than sufficient facts and circumstances for a reasonable person to conclude that Luther's statements could be true. Specifically, there was independent evidence linking Luther to the crime: Luther was at the scene of the crime; he was arrested two blocks from the bar; and the briefcase had his name on it and contained his personal papers. Additionally, the gun handle was protruding from the briefcase at the time of arrest, thus, supporting the testimony that Anderson had quickly placed the gun in the briefcase after removing it from Luther.[2]

---

[2]The dissent suggests that this corroboration is inadequate in light of our previous decision in *State v. Sharlow,* 110 Wis. 2d 226, 327 N.W.2d 692 (1983). However, the dissent's reliance on *Sharlow* is puzzling. At the time the defendant, Sharlow, was tried and convicted, the hearsay exception for statements against penal interest, sec. 908.045(4), Stats., was not yet effective and, therefore, was not applied by this court. In fact, under the rules applied in *Sharlow,* statements against penal interest were not even recognized as a hearsay exception and were inadmissible unless the exclusion of such evidence was violative of the defendant's constitutional rights, as established under *Chambers. Sharlow,* 110 Wis. 2d at 232. While the *Chambers* decision provides a benchmark for evaluating the constitutionality of an evidentiary standard, the United States Supreme Court did not establish a specific evidentiary requirement for corroboration. Therefore, our decision in *Sharlow* has no bearing on our application of the corroboration standard of sec. 908.045(4) in the present case.

Therefore, the trial court erred by ruling that Luther's statement against penal interest lacked sufficient corroboration. Given that Luther's statement, if believed, could have resulted in Anderson's exoneration from the convictions he is appealing, we find that the exclusion of this testimony was not harmless error and warrants a new trial. *State v. Dyess,* 124 Wis. 2d 525, 546–47, 370 N.W.2d 222 (1985).

Although our conclusion and the facts considered were identical to that of the court of appeals, we note that our respective statements of the corroboration standard differ. *See State v. Anderson,* 137 Wis. 2d 267, 274, 404 N.W.2d 100 (Wis. Ct. App. 1987). To the extent that the court of appeals' standard deviates from the language of our standard, it is modified.

*By the Court.*—The decision of the court of appeals is affirmed.

DAY, J. *(concurring).* I concur in the result but not in the majority opinion.

I conclude that there was sufficient corroboration under the facts in this case. The fact that the defendant's brother's name was on the briefcase and that his papers were inside the briefcase where the weapon was found was sufficient corroboration to allow the hearsay statements in question to go to the jury. It was for the factfinder to evaluate the probability of truthfulness of those statements.

STEINMETZ, J. *(dissenting.)* I join Justice Ceci's dissent and, in addition, I write to express my belief that the majority's new test for the admissible evidence leaves no discretion with the trial judges. Designed, devised and devisive hearsay is now accept-

able under this new test. All statements against penal interest whether corroborated or not must now be admitted if "[the] corroboration [is] sufficient to permit a reasonable person to conclude, in light of all the facts and circumstances, that the statement could be true." (Majority at 656.) I believe it is first necessary to have corroboration that the statement was even made. The word "could" in the majority's test is similar to another equally weak determinative word "possible." Anything is "possible;" that a statement *could* be true should not be the standard, but rather the test should be whether corroborating circumstances indicate that, on balance, it is more probable than not that the statement was true or even made. This standard. *i.e.,* one of the probability, strikes a balance between the majority's "possibility" standard and the more stringent standard requiring *clear* corroboration.

LOUIS J. CECI, J. *(dissenting ).* At the outset, I wish to premise my position by noting that I have no quarrel with the fact that there exists a fundamental right of the accused to present evidence under *Chambers v. Mississippi,* 410 U.S. 284 (1973), and that this right must not be defeated by the "mechanistic" application of a hearsay rule. *See, e.g., State v. McConnohie,* 121 Wis. 2d 57, 71, 358 N.W.2d 256 (1984); *State v. Sharlow,* 110 Wis. 2d 226, 233, 327 N.W.2d 692 (1983); *State v. Brown,* 96 Wis. 2d 238, 242, 291 N.W.2d 528, *cert. denied* 449 U.S. 1015 (1980). However, contrary to the hearsay rule at issue in *Chambers* which permitted no exception for declarations against penal interest, Wisconsin, under sec. 908.045(4), Stats., permits the introduction of declarations against penal interest under the hearsay excep-

tion where the statement is corroborated. The Wisconsin rule contains the precise element of fluidity which necessarily avoids mechanistic application and permits the proper balance between the right to present evidence in one's defense and the need to exclude untrustworthy evidence in order to preserve jury integrity.

The effect of the majority opinion's interpretation of the requirement of sec. 908.045(4), Stats., is to effectively eliminate the requirement of corroboration and, hence, destroy the statutory assurance against fabrication. The majority states that the corroboration requirement of sec. 908.045(4) is satisfied if corroboration is "sufficient to permit a reasonable person to conclude, in light of all the facts and circumstances, that the statement could be true. "[1] Majority at 656. This standard does not further the purpose of the corroboration requirement; a reasonable person might be "permitted" to conclude, absent any corroboration whatsoever, that a statement "could"[2] be true. The purpose of

[1]While a facially similar standard has been proposed with respect to the federal rule, this standard may not be conformed to the Wisconsin rule, sec. 908.045(4), Stats., merely by the elimination of the term "clearly." *Cf.* 4 J. Weinstein and M. Berger, *Weinstein's Evidence,* ¶804(b)(3) [03] at at 804–141 (1985) ("The court should only ask for sufficient corroboration to 'clearly' permit a reasonable man to believe that the statement might have been made in good faith and that it could be true") (emphasis in original). Moreover, the standard set forth in Weinstein's treatise has not been unequivocally accepted. *See, e.g., United States v. Bagley,* 537 F.2d 162, 168 (5th Cir. 1976), *cert. denied* 429 U.S. 1075 (1977).

[2]Without modification, the word "could" articulates a permissive standard defined as requiring only "to be enabled by law, agreement, or custom; to have a right to; to have permission to." *Black's Law Dictionary* 186 (5th ed. 1979) (defining "can").

the corroboration requirement is not to assure against the admission into evidence of statements so lacking in indicia of credibility as not to "permit" a reasonable person to believe they "could" be true. The focus should be not upon the reasonableness of the statement's content and the possibility of its having been made, but upon the reasonableness of the corroboration and whether the corroborative evidence indicates that the statement was probably made. At a minimum, the standard should require that the evidence proffered to corroborate a hearsay statement meet the minimum relevancy requirements set forth under sec. 904.01. Specifically, the corroborating circumstances should at least be found to support a reasonable person's belief that the statement is more probably than not true.

I express further disagreement with the court's reliance upon the decision of *Truelsch v. Miller,* 186 Wis. 239, 202 N.W. 352 (1925).[3] The relevance of the

Moreover, the term "could" is often used interchangeably with "may," *id.,* which has generally been interpreted to connote nothing more than a grant of discretion. *See, e.g., Miller v. Smith,* 100 Wis. 2d 609, 616, 302 N.W.2d 468 (1981); *Hitchcock v. Hitchcock,* 78 Wis. 2d 214, 220, 254 N.W.2d 230 (1977); *State v. Bauer,* 127 Wis. 2d 401, 411, 379 N.W.2d 895 (Ct. App. 1985) ("The word 'may' has generally been interpreted as permissive, allowing the actor to use discretion").

[3]The significance apparently attached by the majority to the reference in the Judicial Council Committee's Note to *Truelsch* and *Dillenberg v. Carroll,* 259 Wis. 417, 422, 49 N.W.2d 444 (1951), is misplaced. The Judicial Council Committee's Note arguably indicates that *Truelsch* and *Dillenberg* could be deemed relevant only, however, to the extent that sec. 908.045(4) was adopted as a codification of existing case law. However, the inclusion within the exceptions to the hearsay rule of statements against penal interest

quoted statement to the proposition for which it was cited becomes doubtful where the entire sentence from which the quoted portion was extracted is examined: "The fact that the statements are not admissible during the life of the declarant and that such declarations are sometimes the only mode of proof available are regarded as additional reasons for the reception of such statements in evidence without the sanction of an oath by the declarant." *Id.* at 248. This quoted passage was made with respect to a rule as to the admissibility of statements no longer followed and more stringent than sec. 908.045(4), to the extent that specific safeguards against fabrication were contained within the rule. The rule regarding statements against interest in effect at the time *Truelsch* was decided provided as follows: "The exception is that the declarations of persons, since deceased, are admissible in evidence provided the declarant had peculiar means of knowing the matter stated, if he had no interest to misrepresent it, and if it was opposed to his pecuniary or proprietary interest." *Id.* at 246. Hence, embodied within the exception there was assurance against fabrication since in order for these hearsay statements to be admitted, it was necessary to show that the "declarant had peculiar means of knowing the matter stated." Thus, contrary to the facts present herein, in *Truelsch* there was significant corroboration to warrant the operation of the exception to the hearsay rule.

In the case at bar, there was no evidence or testimony independent of that proffered by the defendant corroborating the proffered statements. Con-

---

offered to exculpate the accused is within the "[c]hanges effected by this subsection [908.045(4)]." 59 Wis. 2d at R318.

trary to the statements addressed in *Chambers,* the hearsay statements in this case were not "offered at trial under circumstances that provided considerable assurance of their reliability." 410 U.S. at 300. The evidence that Luther was arrested two blocks from the bar and that the briefcase had his name on it and contained his personal papers merely establishes that Luther was near the scene of the crime. There was neither evidence establishing Luther's ownership of the gun nor eyewitness testimony beyond that of the defendant as to Luther's possession of the gun that evening. *Compare with Chambers,* 410 U.S. at 300.

While the majority correctly states that questions of statutory interpretation are questions of law reviewable by this court without deference to the courts below, this proposition does not warrant a total disregard of the well-recognized proposition that it is the "'trial court which is best situated to weigh the reliability of the circumstances surrounding [a] declaration.'" *McConnohie,* 121 Wis. 2d at 73 (quoting *Brown,* 96 Wis. 2d at 245–46). *See also Christensen v. Economy Fire & Casualty Co.,* 77 Wis. 2d 50, 55, 252 N.W.2d 81 (1977) (admissibility of hearsay statement within discretion of court and such discretion will not be reversed unless it is abused or is premised upon an erroneous view of the law). Consequently, this court should not reverse the trial court's decision regarding the reliability of the hearsay statement unless it is clearly erroneous. *Id.* Therfore, while this court may review *ab initio* the trial court's decision to the extent that it is premised upon an interpretation of sec. 908.045(4), that portion of the trial court's decision which merely involved a discretionary determination of reliability must be accorded deference.

674

Specifically, the trial court in the present matter highlighted the fact that "all we had was the defendant's statement as to what happened at the scene. There was nothing else that really corroborated what Luther Anderson had told his mother ...." Stated otherwise, the trial court found that the proffered independent evidence did not corroborate or further the reliability of the necessary statements at all. In this regard, it becomes apparent that what is clothed in terms of statutory construction is in fact an improper review of the trial court's discretion. If statutory construction was involved in the trial court's decision, it was not in its determination of the weight to be given the proffered independent evidence. A determination that the evidence was devoid of corroborative value did not require statutory interpretation regarding the extent of corroboration needed. If the trial court's decision presents an issue of statutory construction, it would arguably exist in its finding that the defendant's own testimony was unavailable for use as corroboration under the statute. *Compare City of Madison v. Donohoo,* 118 Wis. 2d 646, 651, 348 N.W.2d 170 (1984); and *Oostburg Bank v. United Savings,* 130 Wis. 2d 4, 11–12, 386 N.W.2d 53 (1986), *with McConnohie,* 121 Wis. 2d at 73. However, it was not the latter aspect of the trial court's decision in which the majority opinion found error.

Consistency with the dictates of *Chambers* does not require such a broad liberalization of the corroboration requirement as to admit all but those statements which a reasonable person could not possibly believe. There was no abuse of the trial court's discretion in the case at bar, since with the proper and necessary exclusion of the defendant's own testimony, the remaining independent testimony only establish-

675

ed the declarant's presence in the general vicinity of the scene of the incident. However, the requirement of corroboration necessitates evidence beyond the declarant's presence at the location of an incident; such evidence does not corroborate the truthfulness of the statement. This distinction is both self-evident and one which has previously been implicitly recognized by the court. For example, in *Sharlow*, 110 Wis. 2d 226,[4] not only was the declarant's presence in the immediate vicinity of the scene of a crime unquestioned, the declarant's position was consistent with the angle in which the bullet entered the victim's

[4]Furthermore, while the majority opinion refers to *Truelsch* in support of its position, which predates the adoption of sec. 908.045(4) by almost five decades, the relevance of those cases decided prior to the effective date of sec. 908.045(4) but subsequent to the United States Supreme Court's decision in *Chambers* has been entirely overlooked. There is no justification for the refusal of the majority to follow the guidance of *Chambers* and its Wisconsin progeny. In the regard, it should be noted that while the *Chambers* holding articulating the necessity of corroboration in order to provide "considerable assurance" of "reliability" had been decided prior to Wisconsin's adoption of sec. 908.045(4), there is nothing in sec. 908.045(4) which indicates Wisconsin's adoption of a more liberal corroboration standard. Wisconsin decisions which have addressed indicia of reliability sufficient to establish "corroboration" under *Chambers* are directly instructive with respect to the "corroboration" requirement of sec. 908.045(4). Consequently, *Chambers* and those Wisconsin decisions which were decided prior to the effective date of sec. 908.045(4) should be followed where this court has considered and analyzed the extent to which a statement against penal interest must be corroborated. In fact, in *Sharlow,* this court indicated that corroboration inadequate under *Chambers* would not satisfy the requirement of sec. 908.045(4). 110 Wis. 2d at 237–38 n. 9. It is for these reasons that reference is made in this dissent both to *Chamber* and Wisconsin decisions employing a due process analysis.

skull. Notwithstanding the undisputed presence of the declarant at the scene of the crime in *Sharlow,* the court found that the statement lacked "persuasive assurances of trustworthiness" and indicated that corroboration must be specifically directed toward the hearsay statement. *Id.* at 235–37. Therefore, the "independent evidence" which conglomerately established only the declarant's presence at the time and place of the crime is inadequate to satisfy the corroboration requirement of sec. 908.045(4), Stats.

Finally, I would agree with the trial court in this case that the proffered statement "didn't really take the culpability of the offense away from the defendant." Presuming that the privilege for conduct in defense of third persons is available as a defense to sec. 941.29, Stats., there are temporal limits beyond which the continued possession of a firearm defeats the privilege. The necessity of such a limitation has been recognized by those federal courts which have interpreted 18 U.S.C. app. sec. 1202(a)(1) (1982), which similarly prohibits the possession of a firearm by a felon, to admit of a self-defense or defense of others justification: "continued possession beyond the time that the emergency exists will defeat the defenses." *United States v. Gant,* 691 F.2d 1159, 1163 n. 9 (5th Cir. 1982); *United States v. Panter,* 688 F.2d 268, 272 (5th Cir. 1982). *See also United States v. Wheeler,* 800 F.2d 100 (7th Cir. 1986). The defendant's initial possession of the firearm while in the bar might arguably be privileged if the hearsay statement were believed. However, it is difficult to conceive how the defendant's continued possession of the firearm was "necessary for the protection of [a] third person" after the defendant and the declarant were two blocks away from the bar where the defendant believed the "third

person" remained. *See* sec. 939.48(1) and (4). It is, therefore, my opinion that even if the trial court did err by erroneously refusing to admit the proffered statements, this error was harmless since the substance of the statements does not indicate that there is a reasonable possibility that their omission contributed to the defendant's conviction. *State v. Dyess,* 124 Wis. 2d 525, 370 N.W.2d 222 (1985).

It is apparent that this court has, in the rule announced today, most glaringly failed in the directive to construe "[t]he requirement of corroboration ... in such a manner as to effectuate its purpose of circumventing fabrication." Federal Advisory Committee's Note, 59 Wis. 2d at R321. For this reason and because any arguable error in refusing to admit the statements would be harmless, I dissent.

I am authorized to state that JUSTICE DONALD W. STEINMETZ joins in this dissenting opinion.