# COURT OF APPEALS
## DECISION
## DATED AND FILED

## December 21, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP941**

STATE OF WISCONSIN

Cir. Ct. No. **2022TR86**

IN COURT OF APPEALS
DISTRICT II

WASHINGTON COUNTY,

   PLAINTIFF-RESPONDENT,

V.

JUSTIN DAVID DETTMERING,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Washington County: JAMES K. MUEHLBAUER, Judge. *Affirmed*.

¶1     LAZAR, J.[1] Justin David Dettmering appeals from a judgment of conviction for operating a motor vehicle while under the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

influence of an intoxicant contrary to WASHINGTON COUNTY, WIS. CODE § 200-1 (2019) (adopting WIS. STAT. § 346.63(1)(a)),[2] and an order denying his motion for a jury trial. He contends that the trial court erred in denying his motion because he was not informed about his right to a jury trial as required by WIS. STAT. § 345.34. This court disagrees and affirms.

¶2 Washington County Sheriff's Deputy Cody Ausloos observed Dettmering do a "burn-out" with his truck near a bar on December 24, 2021. Ausloos activated his emergency lights and followed Dettmering a short distance until Dettmering came to a stop near a shed. Before stopping, Dettmering drove through a ditch and missed the driveway leading to the shed. When Ausloos approached Dettmering on the driver's side of the vehicle, he noticed that Dettmering had bloodshot, glossy eyes, slurred speech, and a strong odor of intoxicants coming from his person. Ausloos suspected impaired driving and asked Dettmering to perform standardized field sobriety tests, but Dettmering refused.

¶3 Ultimately, Deputy Ausloos issued a citation for operating a motor vehicle while under the influence of an intoxicant. The citation provided a court date of February 3, 2022, but indicated that Dettmering's appearance was not required in Washington County Circuit Court. In a section entitled "INSTRUCTIONS - READ CAREFULLY," the citation further read, "You may demand a jury trial, rather than a trial before a

---

[2] A copy of the Code of Washington County is available at https://ecode360.com/WA3863 (last visited December 13, 2022).

judge, but must make that demand in writing and pay the proper fee within 10 days of entering a not guilty plea."

¶4       Despite the lack of a mandatory appearance, Dettmering elected to go to the Washington County Justice Center on February 3, 2022, where he met with an Assistant District Attorney (ADA).   At the conclusion of this meeting, Dettmering signed a form stating, "No agreement reached; defendant enters not guilty plea and requests court trial be scheduled."   The form was filed into the record that same date.   The parties agree that the ADA with whom Dettmering met on February 3 did not discuss Dettmering's right to a jury trial.

¶5       Dettmering subsequently retained counsel who, on March 15, 2022, filed a notice of retainer and demand for discovery.   On March 24, 2022, Dettmering appeared by counsel at a status hearing at which the trial court confirmed a court trial date of April 14, 2022.   Approximately two weeks after that status hearing, on April 8, 2022, Dettmering's counsel filed a motion requesting a jury trial.   In this motion, Dettmering argued that WIS. STAT. § 345.34 requires "when a defendant is brought before a court with jurisdiction to try a case, the defendant shall be informed that he or she is entitled to a jury trial" and that "[b]ecause [Dettmering] was not advised of the right to a jury trial, the Court should allow [him] a jury trial," even though the request was not made within ten days of entering his plea.   After a hearing (held immediately before trial), the court denied the motion, finding that Dettmering "was informed" of his right to request a jury trial "in black and white in the citation," satisfying the requirement of § 345.34.

3

¶6        Dettmering appeals his conviction on the sole ground that the trial court erred in denying his motion for a jury trial. This case requires interpretation of WIS. STAT. § 345.34. Statutory interpretation is a question of law that this court reviews de novo. *City of Madison v. Donohoo*, 118 Wis. 2d 646, 651, 348 N.W.2d 170 (1984).

¶7        There are two subsections of WIS. STAT. § 345.34 potentially relevant in this appeal:

> **(1)** If the defendant appears in response to a citation, or is arrested and brought before a court with jurisdiction to try the case, the defendant shall be informed that he or she is entitled to a jury trial. The defendant may plead guilty, not guilty, or no contest. If the defendant requests a continuance at the initial appearance, the court shall adjourn the arraignment without entering any plea.
>
> ….
>
> **(3)** If a summons is served or citation is issued by a police officer for a violation of any municipal ordinance or of chs. 194 or 340 to 348 and 350, the defendant may enter a plea of not guilty based on such summons or citation by letter to the judge at the address indicated on the summons or citation ….

¶8        Dettmering argues that subsection (1) applies here because he "appeared" at the courthouse on his court date, albeit voluntarily. The County contends that subsection (3)—which does not require a defendant to be personally informed of the procedure for requesting a jury trial—applies in cases like this in which a defendant's appearance is voluntary, rather than mandatory. This court agrees with the County that subsection (1) does not apply because Dettmering did not appear in response to a citation; his appearance was not mandatory, and he did not appear before a court. This,

4

in and of itself, evidences that WIS. STAT. § 345.23(3) is the applicable provision.

¶9    But even if WIS. STAT. § 345.34(1) is the relevant subsection, it does not warrant reversal of the order denying a jury trial and vacating Dettmering's conviction for two reasons.  First, at least one of the conditions precedent to the statutorily required advising of the right to a jury trial was not met:  Dettmering did not "appear" before the court, nor was he "brought before a court with jurisdiction to try the case."  *See* § 345.34(1).  He simply met with an ADA to determine whether he might negotiate a resolution to the case, and that meeting was in the courthouse.

¶10    Indeed, the very language of Dettmering's motion for a jury trial defeats his appeal.  That motion quotes the language of the statute in arguing that "when a defendant is brought before a court with jurisdiction to try a case, the defendant shall be informed that he or she is entitled to a jury trial," but in the very next sentence admits that "Mr. Dettmering was not brought before the Court" in explaining why there was no transcript. This makes Dettmering's case very different from that of ***Donohoo***, in which the defendant was required to appear before the court and in which the court actively misinformed the defendant that he was required to enter a plea on that day. ***Donohoo***, 118 Wis. 2d at 648.  Both of the two prefatory requirements of WIS. STAT. § 345.34(1) applied to Donohoo:  his appearance was mandatory, so he appeared "in response to a citation," and he was "brought before a court."   By contrast, Dettmering's only interaction with the court on February 3 was that his written plea form requesting a "court trial" (and not a jury trial) was filed into the record.

5

¶11    Second, this court agrees with the trial court that the citation Dettmering received did, in fact, inform him of his statutory right to a jury trial and the procedure for requesting a jury trial.  The statute says nothing about a defendant being personally or verbally informed or about being informed for a second time of the right to a jury trial.  Here, Dettmering was informed in writing of his right to a jury trial and the procedure for exercising that right.  Moreover, Dettmering's retained counsel appeared at a March, 2022, status hearing and did not request a jury trial.  The motion was then filed six days before the court trial date.  Accordingly, the motion for a jury trial is without merit.

¶12    For these reasons, this court concludes that the trial court did not err in denying Dettmering's untimely motion for a jury trial.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.