FOND DU LAC COUNTY, Plaintiff-Appellant,

v.

TOWN OF ROSENDALE, Arlon Stollfus, William Bartz, and Floyd Baird, Defendants-Respondents.†

Court of Appeals

*No. 88-1032. Argued January 19, 1989.—Decided February 22, 1989.*

(Also reported in 440 N.W.2d 818.)

† Petition to review denied.

326

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Dennis E. Kenealy,* corpora-

tion counsel for Fond du Lac county. There was oral argument by *Thomas L. Storm,* successor corporation counsel.

On behalf of the defendants-respondents, Town of Rosendale, there was a brief and oral argument by *Wayne M. Yankala* of *Simarski & Stack, Ltd.,* of Milwaukee.

On behalf of the defendants-appellants, Stollfus, Bartz & Baird, there was a brief and oral argument by *Michael J. Cieslewicz* of *Kasdorf, Lewis & Swietlik, S.C.* of Milwaukee.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   This case requires construction of statutes relating to the right of a county and a town to contract for road repairs. Although the county and the town in this case agreed to share the cost of road repaving equally, the town later relied upon sec. 83.03(2), Stats., in claiming that, contract or no, its liability was limited to $1000. The circuit court agreed. We hold that sec. 83.03(2) does not apply here to relieve the town of responsibility; we reverse. Because factual issues remain concerning how much and for what particular work the town is obligated to pay, we remand for a trial.

As part of a multi-phased road reversion program, a portion of Highway N lying within the Town of Rosendale was to be reverted from the county trunk system to the town. The Rosendale Town Board contracted to pay fifty percent of the cost of repaving the road before reversion. After completion of repair, the county submitted a bill for $172,382.35. ·

The town objected, claiming that neither it nor the county had authority to make the contract because of a statute mandating that the county be responsible for all

repairs to county roads except for $1000 which may be assessed against the town.

The county brought suit for the total amount of the bill. The town answered, denying liability. The county also sued the supervisors of the town as individuals, claiming that they acted outside the scope of their employment and were therefore individually liable. The supervisors also answered, denying liability.

Thereafter, the defendants brought a motion for summary judgment. The trial court held that the town had no authority under the statutes to enter into a contract with the county for this road repair. It also held that the supervisors were not individually responsible for payment. The county appeals in whole from the summary judgment.

Analysis of the case begins with the statute relied upon by the town—sec. 83.03, Stats. The pertinent provisions of that statute are as follows:

> **83.03 County aid; local levy; donations. (1)** The county board may construct or improve or repair or aid in constructing or improving or repairing any highway or bridge in the county.
>
> **(2)** If any county board determines to improve any portion of a county trunk highway with county funds, it *may assess* not more than 40% of the cost of the improvement but not over $1,000 in any year against the town, village or city in which the improvement is located *as a special tax.* [Emphasis added.]

The town's argument is straightforward and simple. The town asserts that sec. 83.03(2), Stats., is the only statute allowing the county to charge a town for repair of a county road. That section of the statute limits the county to $1000. Neither the county nor the town has the power to subvert the will of the legislature.

Any contract made in contravention of the statute is illegal. The town concludes that the contract is illegal.

The town admits that there is no case law supporting its position, but claims that an attorney general's opinion interpreting the statute in a "factual context very similar to the one presented" substantiates the town's position and that of the trial court.

We disagree. Our examination of the statute and the attorney general's opinion compels us to reach a different conclusion. We start with our standard of review. Interpretation of a statute is a question of law. *City of Madison v. Donohoo,* 118 Wis. 2d 646, 651, 348 N.W.2d 170, 173 (1984). The aim of statutory construction is to determine the legislature's intent. *Local 913, AFSCME v. Manitowoc County,* 140 Wis. 2d 476, 480, 410 N.W.2d 641, 643 (Ct. App. 1987). This intent is primarily deduced from the language which the legislature has chosen to use. *State v. Toy,* 125 Wis. 2d 216, 218, 371 N.W.2d 386, 387 (Ct. App. 1985). When construing a statute, an attorney general's opinion is entitled to whatever persuasive value it may have. *Wood County v. Board of Vocational, Technical & Adult Educ.,* 60 Wis. 2d 606, 613, 211 N.W.2d 617, 620 (1973).

Mindful that we must look to the language of the statute itself to determine legislative intent, we pay particular attention to those words in the statute that we have underlined above. We determine that sec. 83.03(2), Stats., concerns the right of a county to *assess.* To "assess" plainly refers to imposing the levy of a tax. *Town of Washburn v. Washburn Waterworks Co.,* 120 Wis. 575, 583, 98 N.W. 539, 541 (1904). It is evident here that the legislature was ascribing this very definition to the word. In the same sentence that it uses the word

"assess," it also writes that the $1000 may be assessed as a "special tax." We conclude that the statute only circumscribes the *counties* from *imposing* upon towns, villages, and cities to share the cost of county road and bridge repair.

Here, the county did not impose upon the Town of Rosendale; it did not assess the town. The county was causing Highway N to revert to a town road. The town and county mutually agreed to at least share the cost of repaving the road. Section 83.03(2), Stats., does not apply.

Nor does the attorney general's opinion, relied upon by the town, help. The facts in that opinion concerned repair of a bridge. 36 Op. Att'y Gen. 409 (1947). The attorney general wrote that there was no legislative grant authorizing counties and towns to contract for bridge repair. *Id.* at 411. The only statute that applied was sec. 83.03(2), Stats., and that statute only allowed assessments by the county, not contracts, and then only for a specified amount.

The attorney general's opinion does not apply here because we are not involved with repair of a bridge. We are instead concerned with repair of a highway. The legislature has expressly allowed the county to contract with a town for repair of a highway, unlike the repair of a bridge. That statute is sec. 83.035, Stats., which states:

> **83.035 Streets and highways, construction.** Any county board may provide by ordinance that the county may, through its highway committee or other designated county official or officials, enter into contracts with cities, villages and towns within the county borders to enabnle the county to construct

and maintain streets and highways in such municipalities.

This statute allows the county to contract with towns for repair of roads lying within the town.

■■

The town attempts to disclaim the materiality of sec. 83.035, Stats., by arguing that the statute only applies to roads that are owned by the town and that the county agrees to repair. The town cites no authority for this position; there is none. We hold that the statute does not provide for the limitation suggested by the town. The statute's wording is open-ended and allows the county freedom to contract for construction and maintenance of streets and highways located in the municipalities.[1] The statute is silent about whether the streets and highways must be *owned* by the municipalities. One of the maxims of statutory construction is that courts should not add words to a statute to give it a certain meaning. *In re G. & L.P.*, 119 Wis. 2d 349, 355, 349 N.W.2d 743, 746 (Ct. App. 1984). We will not do that here.

---

[1]While sec. 83.035, Stats., speaks to giving the county authority to enter into contracts with the town, it is silent about whether the town has similar authority to enter into these contracts with the county, although such authority is obviously presumed. Our review of those statutes relating to the authority of the town provides no express statute of authorization for the towns that is similar to sec. 83.035. However, sec. 60.23(1), Stats., allows towns to cooperate with other units of government in accordance with sec. 66.30, Stats. Section 66.30(2) allows any municipality to contract with another, including a county, "for the receipt or furnishing of services." We hold that these provisions give the town power to contract with a county for the maintenance of county trunk highway roads if it so desires.

While the town fervently asks us to heed the advice of the attorney general, in fact another attorney general's opinion supports this court's interpretation. In 38 Op. Att'y Gen. 175 (1949), the factual situation was that one of the cities in Winnebago county had a street in the county trunk highway system. The city desired to improve it with certain repairs. The city and county wanted to share the responsibility for repair and requested advice on whether such an arrangement was allowed by law. The attorney general replied that while sec. 83.03(2), Stats., gives the county only a limited power to "compel a contribution toward an improvement" of a county trunk highway, "this limitation ... does not preclude the city from voluntarily making a greater contribution to the cost." 38 Op. Att'y Gen. at 176–77. The attorney general concluded that the cost could be shared by voluntary agreement, or the county could "require" the city to pay part of the cost, but then only up to $1000 in any one year.

We hold that this attorney general's opinion is persuasive authority. We conclude that sec. 83.035, Stats., allows counties and towns to voluntarily contract for road repair of county roads lying within the towns. Absent a contract, the county may do the repair work, but then may only charge the town up to $1000 in any one year pursuant to sec. 83.03(2), Stats. Because there was a voluntary contract here, sec. 83.035 controls and sec. 83.03(2) is inapplicable. We reverse the trial court's holding to the contrary.

There are other issues which we treat in turn. First, the town claims that while it agreed to share the repaving costs, it did not agree to help pay the cost of additional work done. Since this raises a factual

dispute, we direct that the case be remanded for a trial concerning what improvements the parties agreed to equally assume and the cost of that repair.

Second, the county pled alternative theories of relief. It pled that the town was equitably estopped from denying the existence of a contract and that the town was unjustly enriched. Both are equitable actions which may not be pursued unless there is an inadequate remedy at law. *In re E.C.,* 130 Wis. 2d 376, 388, 387 N.W.2d 72, 77 (1986). Since we have held that the parties were legally authorized to enter into a contract for road repair and since neither party disputes that there was a contract to share the cost of repaving, the county may no longer claim an equitable action relating to the cost of repaving. As to the additional work done, it may be that the trier of fact will find no contract between the parties. Even in that context, the equitable remedies are not viable for the following reasons.

Municipalities may be subject to the doctrine of equitable estoppel when the power to make the contract is clearly vested in the municipality and the power may have been improperly or irregularly exercised by the municipality and its officers and agents. *Village of McFarland v. Town of Dunn,* 82 Wis. 2d 469, 475–76, 263 N.W.2d 167, 170 (1978). Although the town had the power to make the contract, for reasons which we will express when discussing the last issue in this case, the power was not improperly or irregularly exercised either by the town or its officers and agents. We hold that a claim based on equitable estoppel cannot be made by the county should the trier of fact decide that there is no contract concerning the additional work. That claim was properly dismissed.

As to the unjust enrichment claim, we hold that, should the trier of fact decide there was no contract for the additional work performed, the county may not recover under this alternative either. Use of the unjust enrichment theory against a municipality is limited to situations where the municipality has entered into a contract but the contract is invalid. *Id.* at 477–78, 263 N.W.2d at 171; *Blum v. City of Hillsboro,* 49 Wis. 2d 667, 673, 183 N.W.2d 47, 50 (1971). Here, there will either be a valid contract and the county may recover under contract, or there will be no contract and the county may not recover. Based on the issues presently before us, the result cannot be that there is a contract but the contract is invalid. We conclude that the unjust enrichment claim for relief is now unavailable in light of our decision in this case.

This leaves one final issue. The county sued the town supervisors individually. We hold that the trial court did not err in granting summary judgment dismissing this claim. The claim is that the supervisors acted beyond the scope of their authority such that they should not be immune from personal liability. The basis of this claim is that the town officials never held a proper meeting to authorize entering into the contract or contracts. The county also claims that since at least two of the officials live on the highway, they stood to benefit from the road work and used their official status in an improper manner. Both bases are conclusory and without support in any of the affidavits or deposition testimony provided to the trial court. All the record shows is that a road commissioner of the *county* was unaware that the town held a public meeting prior to signing the contract. It is a big jump to infer that this

official had personal knowledge of whether such a meeting took place. Nor is there any evidence that the supervisors acted for personal gain. Merely living on the same road is not sufficient to raise such an inference. We conclude that the supervisors' dismissal from the case should be upheld. This also explains why the equitable estoppel theory of the county will not lie under the present circumstances.

Accordingly, we hold as a matter of law that the contract for repaving between the parties is not contrary to statute. The cause is remanded for a trial on what the parties may have contracted for in addition to the repaving. Also, the trier of fact must fix the total amount owed by the town. The claims for equitable estoppel and unjust enrichment will not lie and these remain dismissed. The claims against the supervisors remain dismissed.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.