Wisconsin DEPARTMENT OF
WORKFORCE DEVELOPMENT,
Plaintiff-Appellant,

v.

Wisconsin LABOR AND INDUSTRY REVIEW COMMISSION
and Kenton Morse,
Defendants-Respondents,

RITEWAY BUS SERVICE, INC.,
Defendant.

Wisconsin DEPARTMENT OF
WORKFORCE DEVELOPMENT,
Plaintiff-Appellant,

v.

Wisconsin LABOR AND INDUSTRY REVIEW COMMISSION,
Defendant-Respondent,

Kevin LUCEY, John Doe Number 1, John Doe
Number 2, John Doe Number 3, John Doe
Number 4 and Compo Steel Products, Inc.,
Defendants.

Wisconsin DEPARTMENT OF
WORKFORCE DEVELOPMENT,
Plaintiff-Appellant,

v.

WISCONSIN LABOR AND INDUSTRY REVIEW COMMISSION,
Defendant-Respondent,

Benny NELMS, Boys & Girls Club of
Greater Milwaukee, Inc. and
Milwaukee Public Schools,
Defendants.

Court of Appeals

*No. 2016AP2066. Submitted on briefs
June 6, 2017.—Decided September 12, 2017.*

2017 WI App 68

(Also reported in 903 N.W.2d 303.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Daniel LaRoque* of Wisconsin Department of Workforce Development, Bureau of Legal Affairs.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jeffrey Shampo* of

Wisconsin Labor and Industry Review Commission and *Nicholas Toman* of Legal Aid Society of Milwaukee, Inc.

Before Brennan, P.J., Kessler and Brash, JJ.

¶ 1. KESSLER, J. The Department of Workforce Development (DWD) appeals a circuit court decision affirming the Labor and Industry Review Commission's (LIRC) decision waiving DWD's recovery of erroneously paid unemployment benefits to three claimants. LIRC found, and the circuit court upheld, that pursuant to Wis. Stat. § 108.22(8)(c) (2015–16),[1] the overpayment involved no fault of the claimants and was the result of a departmental error. We affirm.

## BACKGROUND

¶ 2. Kenton Morse, Benny Nelms, and Kevin Lucey were disabled workers who received social security disability benefits (SSDI). When they became unemployed, they applied for unemployment insurance benefits. SSDI payments are paid on a monthly basis, while unemployment benefits are paid on a weekly basis. All three claimants were initially determined by DWD to be ineligible for benefits under Wis. Stat. § 108.04(12)(f)1. (2013–14), which provided, as relevant:

(12) Prevention of duplicate payments.

. . . .

Any individual who actually receives social security disability insurance benefits under 42 USC ch. 7 sub

---

[1] All references to the Wisconsin Statutes are to the 2015–16 version unless otherwise noted.

ch. II in a given week is ineligible for benefits paid or payable in that same week under this chapter.

To avoid confusion, we refer hereafter to § 108.04(12)(f)1. (2013–14) as the "eligibility statute."

¶ 3. The three claimants appealed DWD's initial determination to the Department of Hearing and Appeals. The appeals tribunal, relying on LIRC's prior interpretation of the eligibility statute, reversed the DWD's initial determination, finding that the eligibility statute only prohibited claimants from receiving unemployment insurance benefits in the same week of each month in which the claimants actually received their monthly SSDI benefit. DWD appealed all three cases to LIRC.

¶ 4. LIRC affirmed the appeals tribunal as to Morse and Nelms, but its decisions were set aside by the circuit court. The circuit court determined that under the eligibility statute, a claimant is ineligible for benefits in every week of any month during which he or she receives SSDI benefits. Morse's and Nelm's cases were remanded to LIRC. On remand, LIRC declared Morse and Nelms ineligible for benefits, but found that pursuant to Wis. Stat. § 108.22(8)(c), DWD was not entitled to recover any overpayments made to Morse and Nelms. By DWD's calculations, Morse received an overpayment in the amount of $1213 and Nelms received an overpayment in the amount of $2554.

¶ 5. By the time the DWD's appeal of Lucey's case was before LIRC, the circuit court had already reversed LIRC's decisions as to Morse and Nelms. LIRC therefore reversed the appeals tribunal as to Lucey and concluded that the eligibility statute states that a claimant is ineligible for benefits in every week of any month in which the claimant receives SSDI

232

benefits. LIRC then addressed the issue of whether DWD was entitled to recover any overpayment made to Lucey. By DWD's calculation, Lucey received an overpayment in the amount of $2619. LIRC determined that pursuant to Wis. Stat. § 108.22(8)(c), DWD waived the ability to recover any such overpayment.

¶ 6. Wisconsin Stat. § 108.22(8)(c) describes certain circumstances warranting the waiver of overpayment recovery:

> 1. [T]he department *shall* waive recovery of benefits that were erroneously paid if:
>
> a. The overpayment were a result of department error; and
>
> b. The overpayment *did not result . . .because of a claimant's false statement or misrepresentation.*
>
> 2. *If a determination* or decision issued [under the benefit claims procedure in § 108.09] *is* amended, modified or reversed by an appeal tribunal, the commission *or any court, that action shall not be treated as establishing a departmental error* for purposes of subd. 1. a.

(Emphasis added.) "Departmental error" is defined by Wis. Stat. § 108.02(10e)(am)1. as including errors made by DWD in paying benefits resulting from a "misinterpretation of the law." *See id.* In essence, LIRC waived recovery of the overpayments as to all three claimants, concluding that the appeals tribunal and LIRC followed an erroneous interpretation of the eligibility statute, which resulted in the overpayments; thus, the overpayments were a result of departmental error and occurred through no fault of the claimants.

¶ 7. DWD sought judicial review of LIRC's decisions waiving DWD's ability to recover the overpayments. The circuit court affirmed LIRC's determinations. This appeal follows.

233

**DISCUSSION**

■■■■■■

¶ 8. Our review of unemployment insurance cases is governed by Wis. Stat. § 102.23, which applies to unemployment insurance decisions under Wis. Stat. § 108.09(7). We review LIRC's decision, not that of the circuit court, *see Virginia Surety Co., Inc. v. LIRC*, 2002 WI App 277, ¶ 11, 258 Wis. 2d 665, 654 N.W.2d 306, although benefiting from the circuit court's analysis. *See Heritage Mutual Ins. Co. v. Larsen*, 2001 WI 30, ¶ 25 n.13, 242 Wis. 2d 47, 624 N.W.2d 129. Statutory interpretation is a question of law that we review independently of the circuit court. *See Bank Mutual v. S.J. Boyer Constr. Inc.*, 2010 WI 74, ¶ 21, 326 Wis. 2d 521, 785 N.W.2d 462.

¶ 9. The material facts here are not disputed; this appeal involves only a determination of law. The legal issue before us is whether LIRC properly concluded that the appeals tribunal had misinterpreted the eligibility statute, resulting in a DWD error as defined by statute and requiring waiver of DWD's recovery of the benefits it overpaid to certain SSDI recipients.

■■■■■■

¶ 10. "While DWD is the agency charged with administering the unemployment insurance program, LIRC handles all appeals of unemployment insurance claims and has final review authority of DWD's interpretations." *DWD v. LIRC*, 2017 WI App 29, ¶ 8, 375 Wis. 2d 183, 895 N.W.2d 77. " 'Where deference to an agency decision is appropriate, we are to accord that deference to LIRC, not to the [DWD].' " *Id.* (citation omitted; brackets in original).

¶ 11. "There are three levels of deference applicable to administrative agency interpretations: great weight, due weight, and *de novo* review." *Id.*, ¶ 9 (italics added). "Great weight deference, the highest level of deference, is appropriate when '(1) the agency is charged by the legislature with administering the statute at issue; (2) the interpretation of the statute is one of longstanding; (3) the agency employed its expertise or specialized knowledge in forming the interpretation; and (4) the agency's interpretation will provide uniformity in the application of the statute.' " *Id.* (citation omitted). "Due weight deference applies 'when an agency has some experience in the area but has not developed the expertise that necessarily places it in a better position than a court to interpret and apply a statute.' " *Id.* (citation omitted). "*De novo* review is applied if the 'issue before the agency is one of first impression or when an agency's position on an issue provides no real guidance.' " *Id.* (citation omitted; italics added).

¶ 12. The parties dispute the appropriate level of deference we are to afford LIRC's determination. LIRC contends that its decision is entitled to "great weight" deference because it has extensive experience in administering the unemployment insurance law generally, as well as Wis. Stat. §§ 108.22(8) and 108.02(10e) (provisions involving waiver of recovery of erroneously-paid benefits). DWD contends that LIRC is not entitled to any deference, arguing that "the interpretation LIRC employed in this case is neither longstanding nor the product of any expertise or specialized knowledge" because "LIRC's decision waiving recovery of the overpay-

235

ments in this case cannot reasonably be reconciled with its prior decisions interpreting and applying the waiver statutes."

■

¶ 13. We conclude that due weight deference is appropriate here. LIRC has limited experience in interpreting "misinterpretations" due to departmental error in this context. Although LIRC has interpreted the statute requiring waiver of recovery of benefit payments, LIRC points to only two administrative decisions which involve the "misinterpretation" language. Both were decided by LIRC on April 24, 2015.[2] In both cases, the appeals tribunal had relied on an earlier LIRC interpretation of a statute. In both cases, a court ultimately concluded that LIRC's interpretation of a statute was incorrect and remanded the case for further proceedings consistent with the court's holdings. In the remand proceedings, LIRC concluded the appeals tribunal misinterpreted the statute, and LIRC waived recovery of overpayments.

¶ 14. DWD raises multiple issues on appeal. First, DWD argues that LIRC based its findings of departmental error on the decisions of the circuit court, as prohibited by Wis. Stat. § 108.22(8)(c)2. DWD also argues that § 108.22(8)(c) does not permit LIRC to waive recovery of overpayments where DWD had a reasonable basis for erroneously allowing benefits. Finally, DWD argues that neither LIRC's explanation of its decision, nor the circuit court's analysis, is adequate to sustain LIRC's decision and that this court should

_____

[2] *See Webster v. County of Milwaukee*, UI Hearing No. 12603521MW (LIRC April 24, 2015), and *Carrington-Field v. County of Milwaukee*, UI Hearing No. 12600610MW (LIRC April 24, 2015).

adopt DWD's more reasonable interpretation of "misinterpretation" due to "departmental error."

## I. Circuit Court Decisions

¶ 15. DWD contends that after the circuit court reversed LIRC's multiple decisions which misinterpreted the eligibility statute as prohibiting claimants from receiving unemployment benefits only in the same week as the week in which they received monthly SSDI benefits, LIRC then treated the circuit court decisions as an establishment of departmental error in violation of WIS. STAT. § 108.22(8)(c)2. DWD is mistaken.

¶ 16. WISCONSIN STAT. § 108.22(8)(c)2., the waiver limitation statute, states:

> If a determination or decision issued under s. 108.09 is amended, modified or *reversed by* an appeal tribunal, the commission or *any court, that action shall not be treated as establishing a departmental error* for purposes of subd. 1. a.

(Emphasis added.) "Departmental error" is defined by WIS. STAT. § 108.02(10e)(am)1., as material here:

> "Departmental error" means an error made by the department in computing or paying benefits which results *exclusively* from:
>
> 1. A mathematical mistake, miscalculation, *misapplication or misinterpretation of the law* or mistake of evidentiary fact, whether by commission or omission

¶ 17. The legal issue before us depends on an interpretation of WIS. STAT. § 108.02(8)(c)2. DWD argues that prior decisions establish that LIRC "was

237

prohibited by statute from treating the circuit courts' reversals of the [department] decisions as establishing a departmental error." DWD's premise is based on the large number of cases it cites[3] which involved factual errors in the application ("misapplication") of the law. Those cases are not helpful here where the court is the ultimate authority on a question of law and the issue turns solely on the meaning of the statute itself.

¶ 18. After remand from the circuit court, LIRC's decisions here did *not* find that the circuit court reversals automatically created a departmental error. Rather, in each case, LIRC found as a fact that the departmental error was caused by the appeals tribunal and LIRC both getting the law wrong:

> The *overpayment was the result of the ALJ and the commission's misinterpretation of the law* when they concluded that the claimant was eligible for UI benefits in the week he did not actually receive his SSDI payment. *The ALJ's misinterpretation of the law constitutes departmental error* within the meaning of Wis. Stat. § 108.02(10e). The overpayment did not result from the fault of the claimant. Therefore, the overpayment is waived pursuant to Wis. Stat. § 108.22(8)(a) and (c).

(Emphasis added.)

---

[3] In its brief to this court, DWD directs us to *Johnson v. Marten Transport LTD*, UI Hearing No. 03202095MD (LIRC Feb. 20, 2004), available at http://lirc.wisconsin.gov/ucdecsns/1870.htm; *Noriega v. Wisconsin Power & Light Co.*, UI Hearing No. 04003600MD (LIRC April 15, 2005), available at http://lirc.wisconsin.gov/ucdecsns/2260.htm; *Welsh v. Dental Associates*, UI Hearing No. 04608404MW (LIRC Nov. 17, 2004), available at http://lirc.wisconsin.gov/ucdecsns/2124.htm; and *Mueller v. Exel Logistics, Inc.*, UI Hearing No. 5607073R (LIRC Feb. 8, 2006), available at http://lirc.wisconsin.gov/ucdecsns/2470.htm.

¶ 19. DWD employs administrative law judges (ALJs) who, under statute, are employees of the department. *See* Wis. Stat. § 108.09(3). Thus, LIRC's finding that both the Department and the Commission misinterpreted the eligibility statute is the basis for LIRC's ultimate finding that both entities caused a departmental error under Wis. Stat. § 108.02(10e). As a result of that error, the statutes required waiver of recovery of overpayments.

¶ 20. If we interpret DWD's argument to mean that LIRC cannot consider circuit court decisions on statutory interpretation, even when that court reverses LIRC's interpretation of a statute, then the effect of DWD's argument would prevent LIRC from changing prior legal interpretations regardless of potential consequences. Were we to adopt DWD's argument, we would eviscerate the statutes which guarantee unemployment claimants the right to judicial review by appeal to a court. *See* Wis. Stat. § 102.23. We would also vanquish the undisputed recognition by the highest court in this country of the ultimate authority of the courts to interpret the law.[4] We decline to engage in such a slash and burn attack on centuries of established law.

## II. "Reasonable" Misinterpretation

■

¶ 21. DWD contends that LIRC's decisions "waiving recovery of overpayments demonstrate that a departmental error is a misapplication or misinterpre-

---

[4] Article III of the United States Constitution vests the judiciary with the authority to interpret the law. "It is emphatically the province and duty of the judicial department to say what the law is." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803).

tation of law without a reasonable basis." DWD contends that if we grant LIRC's decisions "due weight" deference, then we must consider whether DWD's interpretation of the waiver statute is more reasonable than LIRC's interpretation. That is the appropriate test for reasonableness. *See DWD*, 375 Wis. 2d 183, ¶ 11 (" 'When employing due weight deference, we uphold the agency's interpretation and application as long as it is reasonable and another interpretation is not more reasonable.' ") (citation omitted).

¶ 22. DWD's argument is that it should be permitted to recover the overpayments if there was a reasonable basis for DWD's mistake. In essence, DWD contends that a departmental error stemming from a misinterpretation of law should not preclude overpayment recovery if the misinterpretation was reasonable.

¶ 23. As stated, Wis. Stat. § 108.02(10e)(am)1. defines "[d]epartmental error," in part, as follows: "A mathematical mistake, miscalculation, misapplication or misinterpretation of the law or mistake of evidentiary fact, whether by commission or omission." Nowhere in the statute do the words "reasonable" or "unreasonable" appear. We may not add words to the statute's text. Words excluded from a statutory text must be presumed to have been excluded for a purpose. *Heritage Farms, Inc. v. Markel Ins. Co*, 2009 WI 27, ¶ 14 & n.9, 316 Wis. 2d 47, 762 NW 2d 652. "One of the maxims of statutory construction is that courts should not add words to a statute to give it a certain meaning." *Fond Du Lac Cty. v. Town of Rosendale*, 149 Wis. 2d 326, 334, 440 N.W.2d 818 (Ct. App. 1989). We deduce the legislature's intent from the words it has chosen. *See id.* at 332. We reject DWD's invitation to add additional requirements to these existing statutes.

The legislature did not choose to insert adjectives such as "reasonable" or "unreasonable" or "longstanding" to limit the statutory terms "misapplication or misinterpretation of the law." We have no power to insert what the legislature chose to omit.

¶ 24. Even if we did have such power, we would not exercise it here. First, we see no benefit to the claimants, DWD, LIRC, or the courts, in imposing DWD's proposed "reasonable misinterpretation" exception to the waiver statute. Such an addition would result in additional litigation about whether an interpretation, though pronounced an error of law by a court, was still "reasonable." Such a debate would inevitably cause unnecessary and unproductive expenditure of agency and judicial resources. It is a court's job to interpret statutes. *See Ott v. Peppertree Resort Villas, Inc.*, 2006 WI App 77, ¶ 11, 292 Wis. 2d 173, 716 N.W.2d 127 (describing what a court must do when interpreting statutes). Courts should not be drawn into collateral litigation about whether a wrong interpretation was nonetheless "reasonable." One person's "reasonable" (e.g., an agency that wants its money back to pay other benefits) can be another person's "absurd" (e.g., an unemployed claimant who really needed the money, did not misrepresent anything, was entitled to the benefits under the prevailing statute interpretation, and spent it before the court decision). DWD's approach, if adopted, would produce the opposite of the certainty and predictability that the administrative system of unemployment benefits was designed to produce. We cannot conclude that DWD offers a more reasonable interpretation of Wis. Stat. § 108.02(10e)(am)1. than LIRC. *See DWD*, 375 Wis. 2d 183, ¶ 11.

¶ 25. Accordingly, we also reject DWD's argument that neither LIRC's nor the circuit court's decisions provide adequate reasoning for sustaining LIRC's decision waiving DWD's ability to recover overpayments to the three claimants at issue.

*By the Court*—Order affirmed.