COURT OF APPEALS
DECISION
DATED AND FILED

January 28, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2019AP64**

**STATE OF WISCONSIN**

Cir. Ct. No. 2011CI2

**IN COURT OF APPEALS
DISTRICT I**

IN RE THE COMMITMENT OF LYNNOTT ROGERS:

STATE OF WISCONSIN,

      PETITIONER-RESPONDENT,

  V.

LYNNOTT ROGERS,

      RESPONDENT-APPELLANT.

      APPEAL from an order of the circuit court for Milwaukee County: JOSEPH R. WALL, Judge. *Affirmed*.

      Before Brash, P.J., Dugan and Donald, JJ.

      **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Lynnott Rogers appeals an order of the trial court denying his petition for supervised release from his commitment for being a sexually violent person, pursuant to WIS. STAT. ch. 980 (2017-18).[1] The trial court held that Rogers did not meet the statutory criteria for supervised release. We agree and affirm.

## BACKGROUND

¶2 Rogers was charged with committing three sexually violent crimes in 1983, 1988, and 1996.[2] In each case, Rogers physically assaulted the victims, and then threatened to kill or disfigure them if they did not comply with his demand for oral sex.

¶3 In May 2011, shortly before Rogers's mandatory prison release date for his conviction in the 1996 case, the State filed a petition to commit Rogers as a sexually violent person under WIS. STAT. ch. 980. In addition to the convictions noted above, the State's petition alleged that Rogers had committed three other sexual crimes that had not been prosecuted, two of which involved Rogers's five and six-year-old nieces. Additionally, while Rogers was in prison, he "engaged in numerous acts of misconduct," including sexual violations, violence, and threats.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] Rogers was convicted in all three of these cases; however, the conviction for the 1983 offense was reversed by this court and remanded for retrial. While the retrial was pending, Rogers was arrested and convicted in the 1988 case. The victim in the 1983 case informed the State that she did not want to return to Wisconsin to testify in light of Rogers's conviction in the 1988 case, so the State declined to pursue retrying the 1983 case.

¶4 A jury trial on the petition was held in September and October of 2014. The jury returned a verdict finding Rogers to be a sexually violent person, and the trial court issued a judgment and order committing him to a secure facility for treatment and care. Rogers appealed the verdict; a no-merit report was filed by his appellate counsel, and this court summarily affirmed. *See State v. Rogers*, No. 2016AP56-NM, unpublished op. and order (WI App Jan. 4, 2017). Rogers then filed a petition for review with our supreme court, which was denied.

¶5 In October 2017, Rogers filed a *pro se* petition for supervised release, which was followed by a second petition for supervised release in February 2018 that was filed by counsel on his behalf. A court trial on that petition was held in May 2018, where both parties presented evidence from experts. Rogers's expert was Dr. David Thornton, a psychologist who had previously been the treatment director of the Sand Ridge inpatient facility for the WIS. STAT. ch. 980 program. Dr. Thornton had interviewed Rogers while at Sand Ridge and evaluated his treatment progress. Dr. Thornton noted that Rogers suffers from schizophrenia and likely had "psychotic delusional processes going on" at the time of his offenses, which affected his memory of those events; through this "distorted lens," Rogers did not see that he had committed sexually violent offenses.

¶6 The State's expert was Dr. William Merrick, a psychologist and an experienced WIS. STAT. ch. 980 evaluator. Dr. Merrick had also interviewed Rogers, and had diagnosed him with schizophrenia and antisocial personality disorder, both of which would predispose Rogers to commit sexual offenses. Dr. Merrick observed that although Rogers was on medication for his mental health issues, he still suffered from delusions; for example, Rogers believed he

was being gassed in his room every night. Rogers had also told Dr. Merrick that he had never committed a sex offense.

¶7 During their testimony, each expert was asked whether Rogers met the statutory criteria required for supervised release. The primary conflict in their opinions was with regard to the criterion of "making significant progress in treatment," set forth at WIS. STAT. § 980.08(4)(cg)1. That phrase—"making significant progress in treatment"—is specifically defined at WIS. STAT. § 980.01(8), and consists of four elements. The third element—that the offender is "[d]emonstrating an understanding of the thoughts, attitudes, emotions, behaviors, and sexual arousal linked to his or her sexual offending"—is where the experts proffered conflicting opinions, based on their interpretation of that element. *See* § 980.01(8)(c).

¶8 Dr. Thornton believed that Rogers's progress in treatment satisfied that element. Dr. Thornton testified that Rogers understands that he engages in "criminal thinking," and that he was working "quite actively" in controlling that behavior. Thus, even though Rogers himself had not linked that behavior to his previous offenses—because he did not remember or recognize committing them— his clinical team had made the link and then conducted Rogers's treatment accordingly. In that manner, Dr. Thornton opined that Rogers had met the "making significant progress" criterion, albeit in an "unusual way."

¶9 It was Dr. Merrick's opinion, however, that Rogers did not satisfy that element. Dr. Merrick stated that part of the reasoning behind the treatment of a sexual offender is "to help the person to understand all of the factors that went into his offending in the past so that he can change them in the future." In Dr. Merrick's opinion, Rogers's lack of memory of his past sexual offenses would

make it "difficult for him to change" his behavior in the future. Dr. Merrick further stated that the language of the statute was absolutely clear that the offender must understand the link between his attitudes and behavior and his previous offending in order to meet that criterion. Therefore, Dr. Merrick did not believe that Rogers met the requirement of "making significant progress in treatment."

¶10 The trial court recognized the interpretation of that criterion as the primary issue; thus, in making its determination, the court conducted a statutory interpretation analysis of the definition of "significant progress in treatment." The court ultimately agreed with Dr. Merrick's interpretation—that the statute requires that the offender make the link between his "thoughts, attitudes, emotions, behaviors, and sexual arousal" and his previous sexual offenses. *See* WIS. STAT. § 980.01(8)(c). Therefore, the court found that Rogers had not met his burden of proof that he had met all of the criteria for supervised release, and denied his petition. This appeal follows.

## DISCUSSION

¶11 This court reviews the trial court's denial of a petition for supervised release under the sufficiency of the evidence standard. *State v. Brown*, 2005 WI 29, ¶5, 279 Wis. 2d 102, 693 N.W.2d 715. This standard of review was adopted from the standard used to review criminal convictions, which mandates that an appellate court "may not reverse a conviction unless the evidence, viewed most favorably to the State and conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *Id.*, ¶39.

¶12 As such, our review entails an "independent review of the record," while "giv[ing] deference to the [trial] court's strength in determining the

credibility of witnesses and in evaluating the evidence" and "recogniz[ing] the evaluative aspects involved in a [trial] court's denial of a petition for supervised release." *Id.*, ¶¶5, 44. The petitioner bears the burden of proving that supervised release is "appropriate[.]" *State v. Rachel*, 2010 WI App 60, ¶19, 324 Wis. 2d 465, 782 N.W.2d 443.

¶13 In this case, the trial court's decision came down to the statutory interpretation of the definition of "[s]ignificant progress in treatment," *see* WIS. STAT. § 980.01(8), a phrase which is included in the criteria for authorizing supervised release: there is a specific criterion that requires that the offender has demonstrated that he is "making significant progress in treatment[.]" *See* WIS. STAT. § 980.08(4)(cg)1.

¶14 "The aim of statutory construction is to determine the legislature's intent." *Fond Du Lac Cty. v. Town of Rosendale*, 149 Wis. 2d 326, 332, 440 N.W.2d 818 (Ct. App. 1989). "This intent is primarily deduced from the language which the legislature has chosen to use." *Id.* "A statute's purpose or scope may be readily apparent from its plain language or its relationship to surrounding or closely-related statutes—that is, from its context or the structure of the statute as a coherent whole." *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶49, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory interpretation is a question of law that we review *de novo*. *Fond Du Lac Cty.*, 149 Wis. 2d at 332.

¶15 In this case, the experts had conflicting interpretations of the definition of "significant progress in treatment." As noted above, that definition includes four elements, the third of which is that the offender is "[d]emonstrating an understanding of the thoughts, attitudes, emotions, behaviors, and sexual

6

arousal linked to his or her sexual offending[.]" WIS. STAT. § 980.01(8)(c). Specifically, they disagreed on the meaning of "linked" in that definition.

¶16 Dr. Thornton—Rogers's expert—opined that because of Rogers's mental illness, this criterion would be "almost impossible" for him to meet because of his delusions and their effect on his memory. In fact, Rogers concedes that Dr. Thornton was clear in his testimony that Rogers does not possess the requisite understanding described in WIS. STAT. § 980.01(8)(c). However, under Dr. Thornton's interpretation of the statute, since Rogers's clinical team had identified Rogers's thoughts, attitudes, emotions, and behaviors linked to his offending, and Rogers was making an effort to control those thoughts, attitudes, emotions, and behaviors, that "link" was sufficient to meet the criterion.

¶17 We disagree with that interpretation. As statutory interpretation requires, we reviewed the statute's "plain language" as well as "its relationship to surrounding or closely-related statutes." *See* ***State ex rel. Kalal***, 271 Wis. 2d 633, ¶49. First, we looked at the entire subsection in which "significant progress in treatment" is defined:

> (8) "Significant progress in treatment" means that the person is doing all of the following:
>
> (a) Meaningfully participating in the treatment program specifically designed to reduce his or her risk to reoffend offered at a facility described under [WIS. STAT. §] 980.065.
>
> (b) Participating in the treatment program at a level that is sufficient to allow the identification of his or her specific treatment needs and demonstrating, through overt behavior, a willingness to work on addressing the specific treatment needs.
>
> (c) Demonstrating an understanding of the thoughts, attitudes, emotions, behaviors, and sexual arousal linked to

his or her sexual offending and an ability to identify when the thoughts, emotions, behaviors, or sexual arousal occur.

(d) Demonstrating sufficiently sustained change in the thoughts, attitudes, emotions, and behaviors and sufficient management of sexual arousal such that one could reasonably assume that, with continued treatment, the change could be maintained.

WIS. STAT. § 980.01(8).

¶18 Each of these elements requires action by the offender: participating in treatment, and demonstrating that treatment is helping him change his behavior. In fact, Dr. Merrick testified that it was "imperative" that the offender is the one who understands the link between his thoughts, attitudes, emotions, and behaviors and his sexual offending, because the purpose of treatment for a sexual offender is "to help the person to understand all of the factors that went into his offending in the past so that he can change them in the future." Thus, the reasonable interpretation of element (c) is that the *offender* is required to understand how his thoughts, attitudes, emotions, and behaviors led to his committing sexually violent crimes in order to lessen the risk of reoffending.

¶19 Furthermore, this interpretation is consistent with the criteria required for supervised release, set forth at WIS. STAT. § 980.08(4)(cg). That statute, in its entirety, reads:

(cg) The court may not authorize supervised release unless, based on all of the reports, trial records, and evidence presented, the court finds that all of the following criteria are met:

1. The person is making significant progress in treatment and the person's progress can be sustained while on supervised release.

2. It is substantially probable that the person will not engage in an act of sexual violence while on supervised release.

3. Treatment that meets the person's needs and a qualified provider of the treatment are reasonably available.

4. The person can be reasonably expected to comply with his or her treatment requirements and with all of his or her conditions or rules of supervised release that are imposed by the court or by the department [of health services].

5. A reasonable level of resources can provide for the level of residential placement, supervision, and ongoing treatment needs that are required for the safe management of the person while on supervised release.

*Id.*

¶20    A plain reading of this statute indicates that the intent of these criteria is to ensure that a person who has been deemed sexually violent is not likely to reoffend upon release.  In order to achieve this, there must be an understanding by the offender of the link between his thoughts, attitudes, emotions, and behaviors and his previous sexual offenses so that additional offenses can be averted in the future.  Therefore, we conclude that the "context … of the statute as a coherent whole" supports our interpretation of "significant progress in treatment." *See State ex rel. Kalal*, 271 Wis. 2d 633, ¶49.

¶21    Based on that interpretation, and our review of the record, Rogers did not meet that criterion, which is required for the grant of supervised release. Therefore, we conclude that there is sufficient evidence to support the trial court's denial of Rogers's petition.  Accordingly, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

9