# 2021 WI APP 77

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.: 2020AP1696

†Petition for Review filed

Complete Title of Case:

**SAINT JOHN'S COMMUNITIES, INC.,**

**PLAINTIFF-RESPONDENT,†**

**V.**

**CITY OF MILWAUKEE,**

**DEFENDANT-APPELLANT.**

| | |
|---|---|
| Opinion Filed: | October 5, 2021 |
| Submitted on Briefs: | June 9, 2021 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Brash, C.J., Donald, P.J., and White, J. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendant-appellant, the cause was submitted on the briefs of *Tearman Spencer*, city attorney, and *Allison N. Flanagan*, assistant city attorney. |
| Respondent ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Alan Marcuvitz* and *Andrea Roschke* of *von Briesen & Roper, S.C.* of Milwaukee. |

# COURT OF APPEALS
## DECISION
## DATED AND FILED

## October 5, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1696**

**STATE OF WISCONSIN**

Cir. Ct. No. **2020CV578**

**IN COURT OF APPEALS**

---

SAINT JOHN'S COMMUNITIES, INC.,

PLAINTIFF-RESPONDENT,

V.

CITY OF MILWAUKEE,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. CONEN, Judge. *Reversed and cause remanded with directions*.

Before Brash, C.J., Donald, P.J., and White, J.

¶1 BRASH, C.J. The City of Milwaukee appeals an order granting summary judgment in favor of Saint John's Communities, Inc., relating to a property tax exemption dispute. Saint John's constructed a new high-rise tower on property it owns that had previously been granted an exemption. The City assessed property

tax on the new tower for 2019, on the ground that Saint John's did not timely submit a property tax exemption application for the newly constructed tower as required under the statutes. Saint John's challenged the assessment of the tax, and the circuit court agreed with Saint John's that it was not required to file a new application in order to continue the property tax exemption that already existed on its property. The circuit court therefore ordered that the property taxes paid by Saint John's for 2019 be refunded, with interest.

¶2     We, however, conclude that Saint John's claim filed with the City was statutorily deficient, and therefore this action should have been dismissed. Furthermore, Saint John's claim of a violation of the uniformity clause of the Wisconsin Constitution also fails based on that deficiency. Accordingly, we reverse the order of the circuit court, and remand this matter for the entry of an order dismissing Saint John's complaint against the City in its entirety.[1]

## BACKGROUND

¶3     Saint John's is a Wisconsin corporation, qualifying as an I.R.C. § 501(c)(3) entity. It is the owner of property located on North Prospect Avenue in Milwaukee, identified by a single tax key number (the "Property"). The Property is used as an "age restricted continuing care retirement community," and is licensed by the Wisconsin Department of Health Services (DHS) pursuant to WIS. STAT. ch. 50.

---

[1] We note that Saint John's has also challenged the amount of the 2019 assessment as excessive, pursuant to WIS. STAT. § 70.47 (2019-20). That is a separate action not included in this appeal.

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶4 According to the president of Saint John's, Renee Anderson, Saint John's applied for, and received, exemption from real estate taxes for the Property in 2010. Anderson further averred that the Property was designated as fully exempt by the City from 2010 through 2018. However, the chief assessor for the City, Peter Bronek, averred that he requested that Saint John's submit an exemption application in 2016. That application indicated that the statutory basis for the exemption was WIS. STAT. § 70.11(4)(a)1., which allows for exemption from real estate taxes on property that is owned by a nonprofit entity and operated as a facility registered under ch. 50, "including benevolent nursing homes[.]" *See* § 70.11(4)(a)1. Bronek determined at that time that the Property continued to qualify for exemption.

¶5 In 2018, Saint John's began constructing a twenty-one story residential tower on the Property in an area that had previously been used as a parking lot. Construction was ongoing for most of 2019, with occupancy set for January 2020. At that point, residents would be transferred from the old buildings, which would then be demolished.

¶6 In September 2019, the City Assessor's office contacted Saint John's to inquire about the new tower on the Property, and requested that Saint John's complete a property exemption application for the new tower indicating why it qualified for exemption. Saint John's completed the application for the new tower in September 2019.

¶7 As explained by Bronek in his affidavit, all property is assessed as of January 1 of the taxable year, *see* WIS. STAT. § 70.10, and a property owner seeking exemption must submit an exemption application by March 1 of the taxable year, *see* WIS. STAT. § 70.11. However, if a property "was exempt for the previous year and its use, occupancy or ownership did not change in a way that makes it taxable,"

it will remain exempt without a new application being submitted. *Id.* On the other hand, "if the property did not exist in the previous year," an exemption application is required to be submitted by March 1. *Id.*

¶8 In reviewing Saint John's exemption application, Bronek observed that, in contrast to its 2016 application, Saint John's indicated in its 2019 application for the new tower that the statutory basis for exemption was WIS. STAT. § 70.11(4d), which allows for the exemption of property "owned by a nonprofit entity that is a benevolent association and used as a retirement home for the aged[.]" *See id.* This subsection has different requirements for exemption than those set forth in § 70.11(4)(a)1., which Saint John's had cited in its 2016 application. In particular, § 70.11(4d) does not include a requirement for licensure under WIS. STAT. ch. 50, but it does include limitations relating to the fair market value of the property for which exemption is being sought. *See* § 70.11(4d). Bronek further averred that Saint John's website included an advertisement for "luxury retirement units" in the new tower, noting the size of the units, the amenities included, and their location overlooking Lake Michigan.

¶9 The City determined that the newly constructed tower was a new use of the Property, and therefore presumed to be taxable, pursuant to WIS. STAT. § 70.109. As a result, because Saint John's did not submit its exemption application for the 2019 tax year until September—after the March 1 statutory deadline—the Board of Assessors determined that Saint John's new tower was taxable for 2019.

¶10 Saint John's filed a claim with the City on November 8, 2019, challenging the assessment. The City advised Saint John's that its claim was premature, because at that point the City had neither levied nor collected the

challenged tax from Saint John's as required under WIS. STAT. § 74.35(2)(a).[2] Saint John's then filed a second claim on December 5, 2019, which the City advised Saint John's was still premature; although the tax had been levied by that time, Saint John's had not yet paid it.

¶11     Furthermore, the City noted that even if Saint John's claim was not deficient, it had failed to timely file an exemption request by March 1, 2019 for the new tower, as required under WIS. STAT. § 70.11.  Saint John's argued that a new exemption application was not required under that statute because the Property had been exempt from property taxation in 2018, and the occupancy and ownership of the Property had not changed "in any way that made the Property taxable for 2019[.]"  The City ultimately denied Saint John's claim on January 21, 2020.

¶12     Saint John's then filed the underlying action on January 22, 2020.  The City filed a motion to dismiss on the grounds that Saint John's underlying claim submitted to the City was procedurally deficient, in that such a claim cannot be made until the purportedly unlawful tax has been timely paid, *see* WIS. STAT. § 74.35(5)(c); Saint John's did not pay the challenged 2019 taxes until January 22, 2020, when it commenced its action in circuit court.

¶13     Saint John's, in turn, filed a motion for partial summary judgment.  It again argued that the statutory requirement to file a new tax exemption application did not apply because the Property was already previously exempt, and there was no change in the use of the Property as a continuing care retirement facility.

---

[2] Real estate taxes are deemed to be levied when the tax roll is delivered to the treasurer. *See* WIS. STAT. § 70.11.  The 2019 tax roll for the City was delivered to the City Treasurer on November 27, 2019.

¶14 The circuit court denied the City's motion to dismiss and granted Saint John's motion for partial summary judgment. The court rejected the City's argument that Saint John's claim was procedurally deficient pursuant to WIS. STAT. § 74.35(5)(c), regarding the requirement for both the levy and collection of the challenged tax, noting that Saint John's had timely paid the first installment of its 2019 property taxes on the Property prior to commencing its action with the circuit court. The court further found that the use of the Property had not changed, and thus because the Property had previously been exempt, a new exemption application had not been necessary. Therefore, the court held that the Property was fully exempt from property taxation for 2019, and ordered that the amount in 2019 tax paid by Saint John's be refunded, with interest. This appeal follows.[3]

## DISCUSSION

¶15 Our analysis focuses on the City's argument that the circuit court erred in denying its motion to dismiss. The City's motion to dismiss argued that Saint John's had failed to state a claim upon which relief could be granted, due to the claim's procedural deficiencies. "The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint." *Hermann v. Town of Delavan*, 215 Wis. 2d 370, 378, 572 N.W.2d 855 (1998). "Whether a complaint properly pleads a cause of action is a question of law" which we review independently, "without deference to the decisions of the lower court[]." *Id.*

¶16 The City's argument is based on the language of the requirements set forth in WIS. STAT. § 74.35 for the "[r]ecovery of unlawful taxes." This argument

---

[3] Saint John's complaint included a claim of due process and equal protection violations under 42 U.S.C. § 1983. That claim was dismissed by the circuit court after hearing the City's motion to dismiss, and Saint John's has not filed a cross-appeal challenging that decision.

requires that we conduct a statutory interpretation analysis. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory interpretation presents a question of law that this court reviews *de novo*. *DOR v. River City Refuse Removal, Inc.*, 2007 WI 27, ¶26, 299 Wis. 2d 561, 729 N.W.2d 396.

¶17     According to WIS. STAT. § 74.35(1), an "unlawful tax" is "a general property tax with respect to which one or more errors specified in [WIS. STAT. §] 74.33(1)(a) to (f) were made." Sec. 74.35(1). One of those specified errors occurs if the property that was taxed is "exempt by law from taxation." *See* § 74.33(1)(c). Upon the discovery of such an error, this subsection provides "[a]fter the tax roll has been delivered to the treasurer of the taxation district[,] … the governing body of the taxation district may refund or rescind in whole or in part any general property tax shown in the tax roll, including agreed-upon interest[.]" Sec. 74.33(1).

¶18     However, WIS. STAT. § 74.35 is the "exclusive procedure" for making a claim that a property is exempt; a taxpayer cannot, for example, commence an action seeking a declaratory judgment based on the language of WIS. STAT. § 74.33 to make such a claim. *See* § 74.35(2m). Furthermore, § 74.35 specifies that an exemption claim is against the taxation district: "[a] person aggrieved by the levy and collection of an unlawful tax assessed against his or her property may file a claim to recover the unlawful tax *against the taxation district which collected the tax*." Sec. 74.35(2)(a) (emphasis added).

¶19     The City's argument focuses on the language of that subsection; specifically, that a taxpayer making a claim is "aggrieved" when there has been "the

*levy and collection* of an unlawful tax" by the taxation district. **Id.** (emphasis added). The City points out that it is undisputed that Saint John's filed its claim with the City in November 2019, and then again in December 2019; that the claim was disallowed by the City on January 21, 2020; and that Saint John's did not pay its first installment of the challenged tax until January 22, 2020—the day that it commenced its action with the circuit court. In other words, there had been no collection of the challenged tax at the time that Saint John's filed either of its claims with the City.

¶20 In its decision denying the City's motion to dismiss, the circuit court found that Saint John's had "timely paid authorized installment payments of the tax at issue, and such payment was made at the same time the claim was filed." However, this conclusion does not comport with the requirements of WIS. STAT. § 74.35(2)(a), which references the claim being made "*against the taxation district which collected the tax*," and *not* the action that is commenced in circuit court. **Id.** (emphasis added).

¶21 "The aim of statutory construction is to determine the legislature's intent." **Fond Du Lac Cnty. v. Town of Rosendale**, 149 Wis. 2d 326, 332, 440 N.W.2d 818 (Ct. App. 1989). "This intent is primarily deduced from the language which the legislature has chosen to use." **Id.** In WIS. STAT. § 74.35(2)(a), the legislature chose language that requires all claims regarding the *recovery* of taxes on an allegedly exempt property to be filed against the taxation district by the taxpayer who was aggrieved by the levy *and collection* of the challenged tax. "Statutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage." **State ex rel. Kalal**, 271 Wis. 2d 633, ¶46. The language of the statute clearly anticipates a claim being filed with the taxation

8

district *after* the taxpayer has paid the challenged tax.[4] An interpretation of § 74.35(2)(a) as suggested by Saint John's would render portions of the statute surplusage.

¶22 Therefore, based on our interpretation of the relevant statutes and case law, the circuit court's denial of the City's motion to dismiss was based on an erroneous interpretation of the law.

¶23 Nevertheless, Saint John's argues that its taxes were collected because they paid all installments in a timely manner. Saint John's points to WIS. STAT. § 74.35(5)(c), which provides, "[n]o claim may be filed or maintained under this section unless the tax for which the claim is filed, or any authorized installment payment of the tax, is timely paid[.]" Saint John's asserts that a timely payment is one made by January 31, *see* WIS. STAT. §§ 74.11-74.12, and thus interpreting § 74.35(2)(a) to require payment prior to filing a claim would mean that the taxpayer would have to pay the tax early. However, § 74.35(5)(a) requires that a claim under this section must be filed by January 31, which coincides with the date the tax is due; in other words, the tax could be paid and the claim filed at any time after the tax is levied until it is due on January 31. Thus, the statutory provisions do not require early payment of taxes, nor do they preclude early payment, in conjunction with filing a claim. Therefore, there is no conflict among the subsections of § 74.35 with regard to the timing of filing a claim.

¶24 Additionally, in the City's letter disallowing Saint John's claim, it specifically stated that the claim was being rejected because it was deficient, in that

---

[4] We further note that Saint John's essentially concedes that it filed its claim with the City prematurely, in advancing a policy argument that "an *early* filing is not prejudicial to the City in any way."

it was brought prematurely and not in accordance with the statutory requirements. Our supreme court has previously held that "if the language of a statute deals with the commencement of an action, the failure to comply with its provisions before the suit is brought requires that the complaint be dismissed." *Smith v. Milwaukee Cnty.*, 149 Wis. 2d 934, 940, 440 N.W.2d 360 (1989). Thus, the City's motion to dismiss Saint John's complaint, based on its failure to comply with the statutory requirements, should have been granted.

¶25 A similar problem exists with Saint John's claim of a violation of the uniformity clause of the Wisconsin Constitution. In a review of a motion to dismiss a uniformity clause claim relating to an excessive tax challenge, our supreme court held that the uniformity clause claim made by the plaintiffs was "inherently" a claim of excessive assessment, for which there was a statutory scheme that was the "exclusive means" by which taxpayers could make an excessive tax challenge. *Hermann*, 215 Wis. 2d at 378-82. Therefore, because of those statutory requirements, in order for the plaintiffs' complaint to be deemed sufficient, it was "necessary for the taxpayers to allege compliance" with those statutory requirements in their complaint. *Id.* at 394. There was no such allegation included in the complaint in *Hermann*; as a result, the court determined that there were "no conditions under which the taxpayers can recover" and, therefore, the court found that "the taxpayers' complaint fails to state a cause of action upon which relief can be granted[.]" *Id.*

¶26 The same circumstances exist in this case. Pursuant to WIS. STAT. § 74.35(2)(a), there are necessary requirements involved in filing a claim asserting tax exemption, and further, this section is the exclusive means for filing such a claim. *See* Sec. 74.35(2m). As we have already discussed, Saint John's failed to comply with those requirements by prematurely filing its claim with the City. In

fact, Saint John's does not allege in its complaint that it did comply with the requirements of § 74.35(2)(a); rather, it argues that it was not required to submit a new exemption application for the new tower. However, the means to challenge the request by Bronek for a new application—and the subsequent taxation determination—was to file a claim pursuant to the requirements of § 74.35(2)(a). Saint John's failed to do that. Therefore, Saint John's uniformity clause claim fails. *See Hermann*, 215 Wis. 2d at 394.

¶27 In sum, Saint John's complaint failed to state a claim for which relief could be granted.[5] As a result, the City's motion to dismiss should have been granted. *Id.* at 378. Accordingly, we reverse the order of the circuit court granting Saint John's motion for partial summary judgment ordering a refund of the 2019 taxes with interest, and remand this matter for the entry of an order granting the City's motion to dismiss in its entirety.

*By the Court.*—Order reversed and cause remanded with directions.

---

[5] Because our determination is dispositive of the case, we do not reach the issue of whether Saint John's was required to submit a new exemption application. *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").